## COMSTOCK v. GIVENS.

1. If the Court improperly continues a cause, as to two out of three defendants, by the express or implied assent of the plaintiff, and thereby the entire cause is discontinued, he cannot afterwards obtain a *mandamus*, to require the court to restore the cause to the docket.

This was a motion for a *mandamus*. The petition sets forth that the plaintiff in error brought a suit in the circuit court of Benton county, on a bill of exchange, against the defendant in error and two others. That at the trial, the defendants suggested, that two of them had applied to the district court of the United States, for the benefit of the bankrupt law, and prayed a continuance. That the court, without his consent, and against his will, continued the cause as to two of the defendants; that the cause was then tried upon an issue as to the remaining defendant, (the plaintiff in error) and verdict and judgment for the plaintiff below. That he is advised that this erroneous action of the court will work a discontinuance of the cause, and if he is compelled to sue again, the action may be barred by the statute of limitations. He, therefore, prays a *mandamus* to require the circuit court to set aside the continuance of the cause, and the subsequent proceedings, and to reinstate the cause in the same condition as before the erroneous action of the court.

T. A. WALKER, for the petitioner.
RICE, *cantra*.

ORMOND, J.—The record of the cause in the trial, of which the alleged erroneous action of the court took place, states the proceedings thus:

This day came the parties, &c. and the defendant's counsel suggested to the court, that E. L. Givens and Hugh L. Givens, have, since the commencement of this suit, applied for the benefit of the bankrupt law, and therefore, moved the court for a continuance of the cause. The plaintiff's counsel objected to the continuance asked; the court continued the cause as to the said

E. L. and H. L. Givens, but refused to continue as to the said William T. Givens, the other defendant. The court then over-ruled the demurrer to plaintiff's declaration, &c.

We held at the last term of this court, in a case like the present, that such a severance of the parties was a discontinuance of the entire action, and assuming that a *mandamus* is the proper remedy, we will proceed to inquire whether the record discloses that the cause was continued against the consent of the petitioner.

It appears that when the motion was made by the defendants, for a continuance of the cause for the reasons assigned, that it was objected to by the plaintiff, and that thereupon, the court continued it as to two of the defendants, and directed the trial to proceed against the other. It is not, it is true, stated that this was at the instance of the plaintiff, but such is the necessary conclusion from the record. *All* the defendants desired a continuance, the plaintiff opposed it, and when the trial is afterwards directed by the court to proceed against one of the defendants, clearly against his will, and the plaintiff makes no objection, it must be understood to be at his instance, and by his consent.

The court is passive, and only acts as it is impelled to action by the parties litigant before it. It was its duty to continue the cause as to all the parties, if it continued at all, but in truth, should not have continued as to any, for the reason assigned. When, therefore, we find the cause progressing against one defendant, certainly against his wish, and no dissent or opposition to that course by the plaintiff, the only possible deduction is, that if the course pursued, was not at the express instance and request of the plaintiff, that at least he did not dissent from it, and cannot, therefore, now complain of it.

These views lead us to the conclusion, that the motion must be denied. If the consequences which the plaintiff apprehends, flow from the action of the court below, the fault is not to be attributed to the action of the court, against his consent and contrary to his will.

Let the motion be denied.