GRIFFIN ET AL. *vs.* OSBOURNE & CO.

1. When a cause is withdrawn from the docket, and leave given at the same time to reinstate it, but the cause is not reinstated and no steps are taken in regard to it until after the lapse of two years, the cause is discontinued, and cannot then be reinstated.

ERROR to the Circuit Court of Talladega.
Tried before the Hon. E. Pickens.

RICE & MORGAN, for plaintiff in error.
L. E. PARSONS, *contra.*

DARGAN, C. J.—This was a motion against Griffin, as sheriff, and his securities, to recover a sum of money which he had collected on an execution, and failed to pay over on demand. The cause had been regularly continued until the Fall Term, 1848, when the motion was withdrawn and a judgment for cost was then rendered against the plaintiffs, but at the same time that the motion was withdrawn, leave was given to the plaintiffs by the court to reinstate it. The motion, however, was not reinstated, and nothing further was done until the Fall Term, 1850, at which term the plaintiffs moved the court to reinstate the motion *nunc pro tunc*, and showed, by the motion docket, that at the same time

the motion was withdrawn leave was granted to reinstate it. The defendants resisted the motion to reinstate the case upon the docket, and insisted that the suit had been discontinued. The defendants' objection, however, was overruled, and the cause was placed upon the docket, to which the defendants excepted; a trial was then had, and a judgment was rendered in favor of the plaintiffs. To reverse this judgment a writ of error is prosecuted to this court.

The case of Drinkard v. The State, decided at the present term, is conclusive to show that this cause was discontinued, and that the court should not have reinstated the case and proceeded to trial, in opposition to the defendants' objections. The motion, by the judgment that was rendered at the Fall Term, 1848, was finally disposed of, unless the plaintiffs saw fit to have it reinstated and continued as a cause in court; but nothing was done for two years afterwards, and to allow them then to reinstate the cause and proceed to trial would be, to introduce a practice not warranted by law, and which might often work serious injury to the opposite party.

It is, however, contended that the motion to reinstate the cause upon the docket is in the nature of a motion to amend the judgment *nunc pro tunc*, and after it was granted the cause must be considered as if it had been regularly continued by operation of law. It is, however, only necessary to observe, that the judgment rendered at the Fall Term, 1848, was not in fact set aside at that term, but permission or leave was only given to have it done; and the plaintiffs not having availed themselves of the privilege of setting aside the judgment that had been rendered, for two years, they must be considered as having abandoned the cause. The court erred in reinstating the case and proceeding to trial, in opposition to the defendants' objections.

Let the judgment be reversed, but the cause will not be remanded.