<hr />

## Ex Parte REMSON.

1. An order of court for a change of venue, which recites that, by consent
of parties made in open court, it is agreed that the cause shall go to
either one of two specified counties at the election of the plaintiff, is in-
complete, until the plaintiff has made his election between the counties
named, and the court has acted on his election by ordering the papers in
the cause to be transmitted by the clerk to the county so chosen.

Motion for a *mandamus* to the judge of the third judicial
circuit, presiding in the county of St. Clair.    The facts upon
which the motion is predicated, are as follows :

At the Spring term, 1852, of the Circuit Court of Talladega
County, there was pending in said court a suit in favor of Eze-
kiel McCrary v. David H. Remson, in which, as appears by the
record exhibited to the court, the following order was made at
that term : " In this cause, on application of the plaintiff, and

for good and sufficient cause to the court now shown, a change of venue is ordered by the court, and by consent of the parties, made in open court, it is agreed that the cause shall go either to Benton or St. Clair Counties, at the election of the plaintiff; and plaintiff agrees that he will not read in evidence on the trial of this cause the deposition of Malcolm J. Walker; and cause continued."

It appears further from the record exhibited, that, at the September term, 1852, of the Circuit Court of St. Clair County, the following entry was made on the minutes of that court in said cause: "This cause is continued at the instance of the plaintiff, the defendant objecting that the cause is not properly in this court, and the motion to strike the case from the docket is also continued."

At the Spring term, 1853, of St. Clair Circuit Court, the clerk having placed said cause on the trial docket, the defendant renewed his motion to strike it from the docket, when the court overruled it, and decided that, under the order made by the Circuit Court of Talladega County, the venue had been changed to said County of St. Clair, and that the Circuit Court of St. Clair had jurisdiction, and that the cause was rightly on the trial docket of said court.

The defendant files this record in this court, and moves for a writ of *mandamus* to the judge of the Circuit Court of the third judicial circuit of this State, sitting for the county of St. Clair, commanding him not to entertain jurisdiction of said cause, and to strike the same from the docket of that court.

S. F. RICE, for the motion.

LIGON, J.—The only question presented for our consideration is, does the order made by the Circuit Court of Talladega County, as shown by the record, amount to a change of venue, in the case mentioned in it, to the county of St. Clair? If it does not, then it is clear the Circuit Court of the latter county has no jurisdiction of the case, and should have stricken it from the docket on the motion of the counsel for the defendant.

The order of the Circuit Court of Talladega, made on motion of the plaintiff, directs, in general terms, that the venue be changed, but designates no county in which it shall be tried on

such change of venue, and closes with a general order of continuance.

We apprehend that an order for a change of venue is never complete until the particular county in which the subsequent proceedings are to be had is expressly named in it. An order of the court that a cause be transferred to one of two counties, without designating which, would be too uncertain to be acted upon, and might often lead to confusion. Under such an order, one party might prepare himself for trial in one of the counties named, and his adversary in the other, or it would be left to the clerk to send the record to which of them he pleased, and thereby exercise a power and discretion which belong alone to the judge. Such an order would be void for uncertainty.

The order in this case is more imperfect and uncertain than the one in the case supposed, for it does not direct that the case be sent either to Benton or St. Clair County. It merely recites, that the parties have consented that the plaintiff shall have the right to elect to which of these counties the case shall be carried, without showing that he ever made such election, or that the court ever acted in the matter after the election was made, so as to give authority to the clerk to send the papers and record to the county designated, and invest the court of that county with the jurisdiction to try the cause.

Our opinion is, that until the plaintiff had made his election between the counties named in the agreement of the parties, and the court had acted upon the election so made by ordering the papers and records to be transmitted by the clerk to the Circuit Court of the county so chosen, the order was incomplete, and no change of jurisdiction had taken place, without which no other court can proceed in the cause.

We think the court below should have stricken the case from the docket.

Let a rule issue to the judge presiding in the third judicial circuit in this State for the county of St. Clair, requiring him to show cause why a writ of *mandamus* shall not issue on the application of said David H. Remson, in the case named in the record.