## Ex Parte REMSON.

[APPLICATION FOR MANDAMUS TO STRIKE CAUSE FROM DOCKET ON ACCOUNT OF DISCONTINUANCE.]

1. *What amounts to discontinuance.*—Under a conditional order for a change of venue, by consent of parties, to either one of two specified counties at the plaintiff's election; which order was never completed by the action of the court, after the plaintiff had made his election, in directing the papers of the cause to be transmitted by the clerk to the county chosen,—the fact that the plaintiff endeavored for several years to have the cause entered on the docket of the court in one of the counties named in the order, but without success, and during that time took no steps relative to the cause in

Ex parte Remson

the court in which it was first pending, does not amount to a discontinuance, when it is not shown that the file of papers was ever removed from the first court.

APPLICATION for a *mandamus* to the circuit court of Talladega, Hon. C. W. RAPIER presiding, to compel that court to strike from its docket a cause therein pending, wherein Ezekiel McCravey is plaintiff, and David H. Remson defendant, on the ground that said cause has been discontinued. It appears from the facts stated in the bill of exceptions, which is incorporated in the transcript exhibited with the motion, that said suit was originally brought in the circuit court of Talladega; that an order was therein made, at the spring term of said court, 1852, granting a change of venue on the plaintiff's application, and reciting that, "by consent of parties made in open court, it is agreed that the cause shall go either to Benton or St. Clair county, at the election of the plaintiff;" that the cause was entered by the clerk on the docket of St. Clair circuit court, at the September term, 1852, against the objection of the defendant, who, at the succeeding term, moved the court to strike it from the docket; that the court overruled the motion, and decided that the cause was properly in that court; that the defendant made application to this court, on the facts above stated, for a *mandamus* to the St. Clair court, commanding it to strike said cause from its docket; that this court held said order for a change of venue incomplete, (as shown by the report of the case in 23 Ala. 25,) and granted a rule *nisi* for a *mandamus;* that the cause was stricken from the docket of the St. Clair court, at its spring term, 1856, and, at the next ensuing term, on motion of the plaintiff, was reinstated on the docket of the Talladega court, where no order had been taken from the time when said change of venue was granted; and that the defendant resisted the motion to reinstate the cause,'and excepted to the ruling of the court in allowing it.

MORGAN & MARTIN, for the motion.
WHITE & PARSONS, *contra.*

STONE, J.—The following two legal propositions seem to be clearly settled:

1. That if, by the action of the plaintiff, with the concurrence or assent of the court, a case be taken from the docket, by an order which is valid until reversed; and such case be permitted to remain off the docket for a term or more, without any action had in the case, the cause is thereby discontinued, unless such order be in in fact subsequently reversed.—Griffin v. Osbourne, 20 Ala. 594; Drinkard v. The State, *ib.* 9.

2. The mere fact that the clerk, for a number of terms, has failed or neglected to docket a cause, will not have that effect, even though no order was made in the cause at any of said several terms.—Harrall v. The State, 26 Ala. 52; McGuire v. Hays, 6 Humph. 419; Wiswall v. Glidden, 4 Ala. 357; Smith v. Pearson, 24 Ala. 354; Gilbert v. Hardwick, 11 Geo. 599; Moreland v. Pelham, 2 Eng. (Ark.) 338, 341; Price v. Bank of Tennessee, 1 Swan, 265.

Another principle has also been settled in this court, which, it is contended, bears on this case; namely, that when a case goes off the docket, by an order and judgment final and regular on its face, but which by reason of some extrinsic fact is void, such judgment may, on the establishment of the extrinsic fact, be declared void by the court which rendered it; and when the judgment is in this way set aside and avoided, it has the effect of reinstating the case upon the docket.—Moore v. Easley, 18 Ala. 619, and authorities cited. I do not think this last principle bears on the case under consideration.

It is argued for the petitioner in this case, that the bill of exceptions, and the report of the case (*Ex parte* Remson) in 23d Ala. 25, which is made a part of the bill of exceptions, show that this case was taken from the docket of the Talladega circuit court, by the act of the plaintiff; and that from the persevering effort of the plaintiff to have it placed and retained on the docket of the St. Clair circuit court, this court must presume that the file of papers in the cause was taken from the Talladega court, and lodged in the St. Clair court. From these assumed

premises the inference is drawn, that this case has been discontinued in the Talladega circuit. court, by the act of the plaintiff.

I will not now announce what would be my decision on this application, if it were shown that the plaintiff had, by his own act, removed the papers, or caused them to be removed, from the Talladega circuit court, with a view to place them in the St. Clair court. Whether such interference would be set down as the cause and excuse for the clerk's failure to docket the cause afterwards, and for the omission of all notice of the case in the proceedings of the court, is a question not raised by this record.—See Comstock v. Givens, 6 Ala. 95. The record in this case is silent on the question of the custody of the original file of papers, between the making of the imperfect order, in 1852, and the motion to reinstate the case in 1856. In such case, what presumptions must be indulged in reference to their custody? The rule is well settled, that in the absence of proof to the contrary, the presumption is, that sworn officers have done their duty.—See Ward v. The State, 28 Ala. 53, and authorities cited. Clerks are sworn officers. The order made in this case by the circuit court of Talladega, under which it was once contended the venue was changed, was void.—See *Ex parte* Remson, 23 Ala. 25. That order, being void, had no effect whatever on the case in the Talladega circuit court. The legal presumption above stated makes it my duty to hold, in the absence of proof to the contrary, that the clerk did his duty, and retained the papers.

It is urged, however, that for four years, the plaintiff made continual efforts to establish this case on the docket of the St. Clair circuit court. I do not think this is enough to show, either that the plaintiff had directed the case to be taken from the Talladega docket, or that he had removed the file of papers. All that is shown to have been done may be true, and yet the clerk of the Talladega circuit court may have done his duty, and retained the papers.

The order for removal being void, the case stands in law precisely as if no such order had. ever been made.

This leaves the application unsupported, save by the two facts—1st, that for four years the case was not docketed, or any notice taken of it, in the Talladega circuit court; 2d, during all that time, the plaintiff was making continuous efforts to establish the case on the St. Clair docket. I do not think these two facts take this case out of the operation of the principle numbered 2, as stated in the opening of this opinion.

*Mandamus* refused.

RICE, C. J., and WALKER, J., not sitting.