# Ex Parte McLENDON.

[APPLICATION FOR MANDAMUS.]

1. *Failure of party to answer interrogatories.*—If the plaintiff fails to answer interrogatories propounded to him by the defendant, the court is not required to dismiss his suit, (Code, § 2334,) but may either continue the cause until full answers are made, or compel an answer by attachment, or direct a nonsuit.

2. *Construction and effect of conditional order of dismissal.*—An order of court, directing the plaintiff's suit to stand dismissed, if he failed to answer interrogatories propounded to him within one hundred and twenty days, is not final in its character, but may be modified or vacated at a subsequent term; nor does it become effectual, until the default has been judicially ascertained at the next ensuing term.

APPLICATION for a *mandamus* to the circuit judge of the eighth judicial circuit, sitting for Barbour county, to compel the dismissal of a suit therein pending, wherein one Samuel Gilbert was plaintiff, and John McLendon and Matthew Averett were defendants. It appeared from the transcript exhibited with the petition, that the following orders were made in the cause:

"Spring term, 1857. Continued for want of plaintiff's answers to interrogatories, and if not answered within

one hundred and twenty days, plaintiff's suit stands dismissed; and on the further condition, that plaintiff pay all costs in one hundred and twenty days, or his suit to stand dismissed."

" Fall term, 1857. Came the parties by their attorneys, and the defendant moved the court to dismiss, in pursuance of the previous order made at the last term of this court; the answers, as required by said order, not having been filed within one hundred and twenty days. Plaintiff filed answers to the interrogatories in October preceding the motion to dismiss, but after the expiration of the time stated in the order of the last term. The court refused to dismiss, and continued the cause; to which action of the court the defendant excepted."

The record did not show when the interrogatories were filed, nor did it contain any other orders of the court. The refusal of the court to dismiss the suit is the ground of the application for a *mandamus*.

E. C. BULLOCK, for the petitioner.

WALKER, J.—The Code does not require that the court should dismiss the suit of a plaintiff, who fails to answer interrogatories propounded by his adversary within the time prescribed by law. It authorizes the court, either to attach the party, and compel him to answer, or to continue the cause, until full answers are made; or to direct a nonsuit, or judgment by default, to be entered. Code, § 2334.

The order made at the spring term, 1857, that the plaintiff's suit should stand dismissed, if he failed to answer the interrogatories in one hundred and twenty days, was not a final order. The matter still remained *sub judice;* and it was competent for the court, at a subsequent term, to modify or vacate that order.—Reese v. Billing, 9 Ala. 263.

The order that the suit should stand dismissed at the end of one hundred and twenty days, in default of the answer, could not become effectual upon the occurrence of the contingency in vacation.—*Ex parte* Remson, 23 Ala. 25; Edwards v. Lewis, 18 Ala. 494; Reese v. Billing, *supra.*

Until the occurrence of the contingency was judicially ascertained at the next term of the court, the cause was *in fieri,* and it was competent for the court to modify or vacate the order.

The *mandamus* is refused, at the costs of the petitioner.