TEUTONIA INS. CO. (SMITH v.). See Case No. 13,115.
TEVEN (UNITED STATES v.). See Case No. 16,457.

## Case No. 13,847.

### TEXAS v. GAINES.

[2 Woods, 342.] [1]

Circuit Court, W. D. Texas.   June Term, 1874.

NEGROES—LOCAL PREJUDICE—CRIMINAL PROSECUTION—RIGHT TO REMOVE.

The fact, that by reason of local prejudice against his race and color, a person of African descent cannot have a fair trial in the state courts, is not a ground under the civil rights

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

act for removing a criminal prosecution against such person, from the state to the federal court. [Cited in Louisiana v. Dubuclet, Case No. 8,-538; Virginia v. Rives, 100 U. S. 332.]

This was an indictment for bigamy in the district court of La Fayette county. The defendant, a colored person of African descent, applied for a removal of the case into the district court of the United States, under the civil rights act of April 9, 1866 (14 Stat. 27; Rev. St. § 641), on the ground, that by reason of his race and color, and his Republican politics, he could not have as full and equal protection and benefit of the laws of Texas in any of the courts thereof, nor of proceedings thereunder, for the security of person, as is enjoyed by white citizens; and that the public prejudice against him, for the causes aforesaid, was so great, that it would be impossible for him to obtain a fair and impartial trial in any of said courts. The state district court refused the application, and proceeded with the case. The defendant, being found guilty, appealed to the supreme court, which reversed the judgment, and directed the inferior court to remove the case as prayed. It was removed accordingly, and being by the United States district court remitted to this court, the defendant moved to quash the indictment, and the district attorney of the United States, at the same time, moved to dismiss the case from this court for want of jurisdiction.

J. R. Burns, for Gaines.

A. J. Evans, U. S. Atty., for the motion to dismiss.

Before BRADLEY, Circuit Justice, and DUVAL, District Judge.

BRADLEY, Circuit Justice. I will consider the last motion first: The first section of the civil rights act (14 Stat. 27) declares, that citizens of every race and color shall have the same right, in every state, to make contracts, sue, give evidence, inherit, purchase and hold property, and to the full and equal benefit of all laws and proceedings for the security of person and property, as is enjoyed by white citizens, and shall be subject to like punishments and none other, any law, statute or custom to the contrary notwithstanding. The second section makes criminal and imposes penalties on any attempt to deprive any citizen of these rights, or to different punishments on account of his having at any time been held in a condition of slavery. The third section gives to the district courts of the United States cognizance of all crimes and offenses under the act; and also, concurrently with the circuit courts of the United States, cognizance of all causes, civil and criminal, affecting persons who are denied or cannot enforce in the courts or judicial tribunals of the state or locality where they may be, any of the rights secured to them by the first section; and if any suit or prosecution, civil or criminal, has been commenced in any state court against any such person for any cause whatsoever, such defendant shall have the right to remove such cause for trial to the proper district or circuit court, in the manner prescribed by the "Act relating to habeas corpus," etc., approved March 3, 1863, and its amendments.

The act of March 3, 1863 (12 Stat. 755), to which reference is made, authorizes the removal to the courts of the United States of suits and prosecutions commenced in a state court, against officers or others acting under authority of the United States, and, to effect such a removal, authorizes the party sued "to file a petition, stating the facts, and verified by affidavit, for the removal of the cause for trial at the next circuit court of the United States, to be holden in the district where the suit is pending," etc. Thus, the statement on oath by the party himself is all the verification of the facts which the law required for effecting the removal. The question is, whether local prejudice against a colored person, by reason of his race and color, alleged to be so great that he cannot have a fair trial in the state courts, is good ground, under the civil rights act, for removing a criminal action against him from the state court into the district court of the United States. Is it a cause for removal within the act?

It is clear that in order to entitle to a removal of the cause the case must show the deprivation of a right guarantied by the first section of the act. The defendant says that he is deprived of such a right, and that the right of which he is thus deprived is, "full and equal benefit of all laws and proceedings for the security of person and property, as enjoyed by white citizens." But how does he say he is deprived of that right? Not by the laws themselves, but by the prejudice and enmity of the people. Is that sufficient? What says the third section? How does it describe and define those who are within the meaning of the act? It defines them as "persons who are denied, or cannot enforce in the courts or judicial tribunals of the state or locality where they may be, any of the rights secured to them by the first section of this act." Here are two classes: (1) Persons who are denied any of the rights secured to them by the first section of the act. (2) Persons who cannot enforce in the courts any of said rights.

Does the denial of rights or the inability to enforce them in the courts refer to a denial by the laws, usages and customs of the state, and to an inability to enforce rights in the courts in consequence of inadequate remedies to that end; or does it refer as well to other obstructions of right, such as personal or class prejudice, or political feeling and the like? It must be remembered that the privilege of removal is thus guarantied to every citizen of the United States, as well white as black. And if every citizen who is prosecuted in a state court can, on his own allegation, remove his case to the United States courts, it will present a powerful temptation to litigants, especially of the criminal class,

and the United States courts will be flooded with cases, in which one of the parties imagines, or says, that he cannot have a fair trial in the state courts. We cannot think that this is the true construction of the statute. Besides, if it were, it might be open to very grave question whether it would be constitutional. The civil rights act has been reënacted since the adoption of the fourteenth amendment. An examination of that amendment might be necessary in order to ascertain whether any interference with the equal rights of the citizen is guarantied, otherwise than as against state interference, and the operation of partial and unjust state laws. This, however, is rendered unnecessary from the view we have taken of the true construction of the civil rights act. We think it is intended to protect against legal disabilities and legal impediments to the free exercise of the rights secured, and not to private infringements of those rights by prejudice or otherwise, when the laws themselves are impartial and sufficient.

The case must be remanded to the state court.

DUVAL, District Judge (concurring). The purpose and object of the civil rights bill was a most laudable one. It was to secure to the newly enfranchised black race the same rights and privileges, civil and political, as were enjoyed by the whites. The first section of that act enumerates those rights. It provides that the colored race shall have the right "to make and enforce contracts, to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold, and convey, real and personal property, and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens, and shall be subject to like punishment, pains and penalties, and to none other, any law, statute, ordinance, regulation or custom, to the contrary notwithstanding."

From a careful consideration of the act in question, my opinion is that no cause, civil or criminal, to which a black man is a party pending in a state court, can be properly removed into a court of the United States unless it affects the exercise and enjoyment of some one of the rights specified in the above section. I cannot think it was the intention of congress, by any provision in said act contained, to discriminate in favor of the black race as against the white, but simply to secure them in the same rights, civil and political, that the white race enjoyed. Both were to be left subject "to like punishment, pains and penalties, and to none other," for violation of the criminal laws of the state. In other words, their rights and responsibilities, civil and criminal, were to be identically the same.

In this case, the defendant has been indicted under the laws of the state of Texas, for the crime of bigamy and convicted thereof. The case has been transferred to this court by order of the supreme court of the state, simply upon the sworn statement of the defendant that, owing to a hostile public sentiment and prejudice against him, he cannot obtain justice. In my judgment, the civil rights bill does not authorize the transfer. It is not such a case as the act contemplates and is not embraced in its provisions.