# *Ex parte* The State of Alabama.

*Application by Attorney-General for Mandamus to compel the Circuit Court to re-instate Criminal Cause on Docket.*

1. *Removal of causes from State to Federal courts; Section 641 of U.*

[Ex parte The State of Alabama.]

*S. Revised Statutes construed.*—Section 641 of the Revised Statutes of the United States, providing for the removal into the Federal courts of civil suits or criminal prosecutions commenced in a State court against any person who is denied, or can not enforce therein any right secured to him by any law providing for the equal civil rights of citizens of the United States, etc., was intended only to afford protection against an infringement of the equal rights of citizens of the United States by State action, and by that action alone; and does not refer "to other obstructions of right, such as personal or class prejudice, or political feeling and the like."

2. *Same.*—Hence, the existence, in the locality in which an indictment for crime may be found against a colored person, of a sentiment and prejudice hostile to him because of his race and color, is not a cause, under that statute, for the removal of the indictment for trial from the State to the Federal court.

3. *Same; jurisdiction of State court not ousted by the mere filing of an application for removal.*—The jurisdiction of the State court is not ousted by a mere application for the removal of a cause, civil or criminal, pending therein, to a Federal court; but it is only when the application is in proper form, conforms to the act of Congress authorizing the removal, and states facts bringing the case within the provisions of the act, that it becomes the duty of the State court to yield obedience to the paramount law, and to cease the exercise of its original jurisdiction.

4. *Same; jurisdiction of State court to pass on application for removal.* The State court, in such case, has an unquestioned jurisdiction to determine, upon the application for the removal, whether a case was thereby presented which required that it should cease jurisdiction and transmit the cause to the Federal court for final trial; but its determination of that question is subject to the jurisdiction and judgment of the Federal court, when the case finds its way into that court.

5. *Same; jurisdiction of Federal court to pass on question of removal; effect of its determination.*—When the case has been, by the order of the State court, transmitted to the Federal court, upon that court devolves the duty of determining its own jurisdiction. In determining this question, it is not concluded or affected by the judgment of the State court having original jurisdiction; and the conclusion of the Federal court, that the application does not give it jurisdiction, and its judgment remanding the cause to the State court, is binding upon the latter court.

6. *Same; condition of cause on remandment by the Federal to the State court.*—In such case, the Federal court not having acquired, the State court could not lose, jurisdiction by the erroneous order of removal; and hence, when the cause is remanded to the State court, it is in the same plight and condition as it was in, when the order of removal was entered.

7. *When erroneous order of removal of a prosecution pending in a State court to Federal court does not operate a discontinuance.*—Where a State court, on the application of a defendant in a criminal case pending therein, founded on Section 641 of the U. S. Rev. Statutes, erroneously entered an order removing the cause to the Federal court, and afterwards that court declined to take jurisdiction, and remanded the cause to the State court, the failure of the latter court to proceed in the prosecution, or to enter continuances or other orders in the cause, while it was awaiting disposition in the Federal court, and until that court made the order of remandment, does not work a discontinuance.

Application to this court by the Attorney-General for *Mandamus* to the Circuit Court of Lawrence county, to compel the vacation of an order striking a criminal cause from the docket, and its restoration thereon for trial.

Vol. LXXI.

[Ex parte The State of Alabama.]

The facts are sufficiently stated in the opinion.

H. C. TOMPKINS, Attorney-General, for the State.

W. COOPER, and W. P. CHITWOOD, *contra.*

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The facts shown by the transcripts of records accompanying the motion are, that at the fall term, 1874, of the Circuit Court of Lawrence county, one William Richardson was indicted for an assault with intent to murder. At the fall term, 1875, he presented a verified petition, stating that he was a man of color, and, because of a hostile public sentiment and prejudice, he could not in that court obtain justice and the equal protection of the laws; wherefore he prayed that the cause be removed for trial to the Circuit Court of the United States, sitting at Huntsville, for the Northern District of Alabama. Thereupon an order was entered, removing and transferring the cause to the Federal Court. In that court, at the April term, 1876, a judgment was entered, reciting that the petitioner appeared by his counsel, and no prosecutor appearing, came a jury who returned a verdict in favor of the defendant (the petitioner), and adjudging that he go hence without day. On a subsequent day of the same term, an order was entered recalling and vacating this judgment as having been improvidently entered, and untrue in its recitals, and re-instating the cause on the docket. The cause was from term to term thereafter continued, the defendant appearing, until the fall term, 1880, when an order was entered, remanding the cause to the Circuit Court of the county of Lawrence. In that court, subsequent to the order of removal, entered at the fall term, 1875, there were no orders or proceedings in the cause until the order of remandment was made, when, at the spring term, 1881, there was an order of continuance, and at the fall term, 1881, the defendant not appearing, a judgment *nisi* was entered on his recognizance against him and his bail. At the fall term, 1882, the defendant appeared and moved that the cause be stricken from the docket, because of the order of removal and the proceedings had in the Federal Court. The motion was granted; and the cause was stricken from the docket. The Attorney-General, on behalf of the State, now moves for a *mandamus,* to compel the vacation of the order striking the cause from the docket of the Circuit Court, and its restoration for trial.

It is declared by section 641 of the Revised Statutes of the United States, that civil suits or criminal prosecutions com-

[Ex parte The State of Alabama.]

menced in any State court against any person who is denied or can not enforce in the judicial tribunals of the State, or in the part of the State where such suit is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States, may, upon the petition of such person, filed in the State Court, at any time before the trial, or final hearing of the cause, stating the facts and verified by oath, be removed for trial into the next Circuit Court of the United States to be held in the district where it is pending, etc. Upon the filing of such petition, it is declared, all further proceedings shall cease, and shall not be resumed except as is provided for in the statute. The first material inquiry now presented is, whether the application filed in the Circuit Court disclosed a case or a state of facts authorizing a removal of the prosecution, arresting the jurisdiction of that court, and transferring jurisdiction to the Circuit Court of the United States. And that inquiry resolves itself into the question, whether the existence, in the locality in which an indictment for crime may be found against a colored person, of a sentiment and prejudice hostile to him because of his race and color, the laws of the State securing to him full protection of all his rights, and the State through none of its agencies denying to him equal protection under the laws, is a cause for removal of the indictment for trial from the State to the Federal court. The question is settled negatively. The statute was intended only to afford protection against an infringement of the equal rights of citizens of the United States by State action, and by that action alone. It does not refer "to other obstructions of right, such as personal or class prejudice, or political feeling and the like." *State v. Gaines*, 2 Woods, 342; *Virginia v. Rives*, 100 U. S. 313; *Thomas v. State*, 58 Ala. 365.

The petition not disclosing a cause for the removal of the prosecution to the Federal court, the order of removal was erroneous. And if subsequently the order had been recalled as improvident, and the court had proceeded as if it had not been made, it may be that its proceedings would not have been pronounced void. The jurisdiction of the State court is not ousted by a mere application for the removal of a civil cause, or of a criminal prosecution to a Federal court. It is only when the application is in proper form, conforms to the act of Congress authorizing the removal, stating facts bringing the case within the provisions of the act, that it becomes the duty of the State court to yield obedience to the paramount law, and to cease the exercise of its original jurisdiction. It may err either in determining that the application presents a case in which it ought, or ought not to cease its original jurisdiction; the determination is subject to

the jurisdiction and sentence of the Federal court, when the case finds its way into that court. The Federal court must determine its own jurisdiction, and whatever it may determine is the law of the court of the State. The Circuit Court of the State had unquestioned jurisdiction of the indictment found by its own grand jury, a constituent element of the court, and had as unquestioned jurisdiction to determine upon the application of the accused, whether a case was presented which required that it should cease jurisdiction and transmit the cause for final trial to the Federal court. An error of judgment the court could commit in refusing, or in granting the application; the error was capable of correction. The prosecution having been by the order of removal transmitted to the Federal court, upon that court devolved the duty of determining its own jurisdiction. It was not concluded or affected by the sentence of the State court having original jurisdiction. The court by its order of remandment having determined that it had not jurisdiction, and that order remaining unreversed, and, not having been reversed, being unimpeachable, when the cause reached the State court again, it was in the same plight and condition in which it was when the erroneous order of removal was entered. The removal to the Federal court not being authorized by law, the case not being of the class in which by removal that court could acquire jurisdiction, the only order or judgment it could pronounce, which is of legal validity, was the order or judgment of remandment. The Federal court not acquiring, the State court could not lose jurisdiction.—*Akerly v. Villas*, 24 Wis. 165 ; 1 Amer. Rep. 166.

The failure of the State court to proceed in the prosecution while it was awaiting disposition in the Federal court, and until that court made the order of remandment, did not work a discontinuance. A discontinuance at common law was defined as a gap or chasm in the proceedings occurring after suit brought. It was a failure to continue the cause regularly from term to term, and if there were any lapses, or want of continuances, the parties were out of court. The plaintiff having left a gap or chasm in the proceedings, the defendant was not under the duty of further attendance upon the court. In its strictness it never obtained in our practice, and is inconsistent with the practice of continuing causes by a general order, and with the presumption of continuances, though not entered until the record shows the cause has been disposed of otherwise. There must here be some positive action by the plaintiff, by which a cause is taken from, and remains off the docket of the court, to work a discontinuance.—*Drinkard v. The State*, 20 Ala. 9 ; *Ex parte Remson.* 31 Ala. 270. The order of removal being improvident, though the cause was not regularly continued on

[Pilgreen v. The State.]

the docket of the State court, a discontinuance was not produced. The case could not be lost in its passage between the two courts.—*Germania Fire Ins. Co. v. Francis*, 52 Miss. 457. Upon the case as now presented, we are of opinion the order of removal made by the Circuit Court of the State was erroneous and improvident; its only effect was the declination of the court for the time to proceed further; and when the error of the order was ascertained and declared by the sentence of the Federal court remanding the cause, it was the duty of the State court to receive jurisdiction, and proceed as if the erroneous order had not been made. In the case last cited, it is said: "An order for removal in a cause not embraced by act of Congress is void, and has no effect in legal contemplation, and although its practical effect may be an interruption, improperly, of the prosecution of the cause in the State court, the cause is to be considered as having been all the time pending in the State court, which delayed to see if the United States court would take jurisdiction, and, finding it would not, proceeds to try the case thus remitted to it as though no interruption had occurred."

The Circuit Court erred in striking the cause from the docket, and a rule *nisi* must issue directed to the judge presiding, requiring him to show cause why a peremptory *mandamus* should not issue.