# *Ex parte* State of Alabama.

*Application by Attorney-General for Mandamus to compel the Circuit Court to reinstate Criminal Case on the Docket.*

1. *Removal of cause from circuit court to county court; when discontinuance not shown.*—There were criminal cases pending in the circuit court of a particular county, in which the defendants were indicted for misdemeanors. Under the provisions of an act of the General Assembly conferring upon the county court of said county exclusive jurisdiction of all misdemeanors committed therein, the said cases were, by order of the circuit court, transferred to the county court for trial, where they remained on the docket and were regularly continued for several terms. The supreme court subsequently declared the act conferring jurisdiction upon the county court unconstitutional, and thereupon the judge of the county court ordered the cases retransferred to the circuit court for trial. The cases had been omitted from the docket of the circuit court while they were pending in

the county court. *Held:* That the omission of such cases from the docket of the circuit court while pending in the county court did not work a discontinuance of said causes; and upon the refusal of the circuit court to docket and reinstate such cases, a writ of *mandamus* will lie to compel the judge of the circuit court to perform this duty. (McClellan and Head, JJ., dissenting.)

The decision on this appeal is applicable to two cases, which were instituted by two several petitions for *mandamus*, being filed originally in this court by the State of Alabama on the relation of the Attorney-General. The two cases are of the same nature and identical in effect; and are, therefore, submitted together. The facts of the cases are sufficiently set forth in the opinion.

William C. Fitts, Attorney-General, for petitioner.

No counsel marked as appearing *contra.*

HEAD, J.—These are two several petitions for *mandamus*, and being of the same nature, we will dispose of them in one opinion.

D. S. Lile and T. F. Robertson were, severally, indicted, in the circuit court of Cleburne county, for certain misdemeanors, and were arrested and placed under bonds for their appearance. The cases were regularly docketed in that court. While thus pending, the court, under the influence of an act of the legislature, passed February 21, 1893, made an order, in each case, transferring it to the county court of that county for trial. The petitions show that the cases were sent to, and remained on the docket of the county court, for a number of terms, and were regularly continued at each of said terms. Thereafter, the said act of the legislature was declared unconstitutional by this court, and, thereupon, the judge of the county court ordered the cases re-transferred to the circuit court for trial. They had remained off the circuit court docket during the time of their pendency in the county court. After their return to the circuit court, where they were again docketed, defendants moved the court to strike them from the docket and order them discontinued, by reason of an alleged chasm in that court. The court granted the motion, and these petitions are by the State for the writ

[McGee v. The State.]

of *mandamus* to the judge of the circuit court, compelling him to reinstate them.

It is well settled by the decisions of this court, that a case, civil or criminal, being left off the docket for even a number of terms, by the mere inadvertence or negligence of the court officers, is not thereby discontinued. To operate as a discontinuance there must be some active interference on the part of the party against whom discontinuance is alleged, causing the case to be left off the docket.—*Malone & Foote v. Marriott*, 64 Ala. 486, and authorities there collected; *Drinkard v. State*, 20 Ala. 1; *Ex parte Remson*, 31 Ala. 270; *Ex parte Rivers*, 40 Ala. 712; *Ex parte State*, 71 Ala. 363.

Upon due consideration, and examination of the foregoing authorities and others, a majority of the court are of opinion, and hold that the facts of this case, under our adjudications, did not work a discontinuance of the cases, holding that the order of the court transferring the cases was null and void, and adhere to the reasoning and conclusions of the court in *Ex parte Remson*, *supra*, and *Ex parte State*, etc., 71 Ala. *supra*. Justice McClellan and myself think that the cases do not come within the rule above announced as to the effect of a case being left off the docket by the negligence or inadvertence of a clerk, but that the cases were left off the docket by reason of the illegal order of the circuit court, and therefore, dissent from the conclusion of the majority.

*Mandamus* granted as prayed for.

McClellan and Head, JJ., dissenting.