# Brown *v.* Coleman.

### *Mandamus.*

(Decided April 11, 1911. 55 South. 271.)

1. *Actions; Discontinuance.*—Where a cause is brought in the circuit court, and upon order made was transferred to another court which was afterwards declared illegal, the fact that the cause remained off the docket of the circuit court for several terms while it was pending in the other court, did not operate as a discontinuance of the action.

2. *New Trial; Vacation    Authority of Court; After Term.*—A court cannot vacate its order granting or refusing a new trial after the closing of the term at which it was entered, unless the order is impeached as a nullity.

3. *Same.*—Non-compliance with a rule of practice prescribing notice to the adverse party of a motion for a new trial (Rule 22, Cir. Ct. Pr.) is not ground for impeaching an order made on such motion as a nullity, but merely renders it erroneous and subject to reversal; hence, it does not authorize the court making the order to vacate it at a subsequent term.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. A. W. SMITH, Special Judge.

From an order vacating and annulling an order granting to the defendant a new trial, made at a term of the court subsequent to the last order, the defendant appeals and applies for mandamus to compel a vacation of the last order. Mandamus granted.

[Brown v. Coleman.]

McLane Tilton, Jr., and Walter S. Crump, for appellant. The cause was not discontinued.—*Ex parte Remsen,* 31 Ala. 270; *Ex parte Rivers,* 40 Ala. 712; *Ex parte State ex rel. Attorney General,* 22 So. 556. A court cannot disturb a judgment or motion entered at a preceding term.—*Rich v. Thornton,* 69 Ala. 473; *Buchanan v. Thompson,* 70 Ala. 401; *VanDyke v. The State,* 22 Ala. 57. The court has jurisdiction to grant the writ of mandamus, and this is a proper case for its exercise.—*Ex parte Tower Mfg. Co.,* 103 Ala. 415; *Knight v. Farrell,* 113 Ala. 258.

Gardner Greene, for appellee. The cause had been discontinued.—*Ex parte Lampson,* 31 Ala. 270; *Ex parte State, ex rel. Attorney General,* 115 Ala. 133. The court had no jurisdiction when it granted the first motion to set aside the judgment.—Rue 22 Cir. Ct. Pr.; *Stringer v. Echols,* 46 Ala. 61; *Baker v. Barclift,* 76 Ala. 414.

WALKER, P. J.—Before the trial of this case an order was made, with the consent of the parties, for its transfer to a branch of the circuit court of St. Clair county located at Pell City, the establishment of which had been undertaken under an ordinance of the last constitutional convention and an act of the Legislature directed to that end. The case remained off the docket of the circuit court for several terms, and until after the Supreme Court had declared ineffective the ordinance and act undertaking to provide for the establishment of a branch court at Pell City (*Ex parter Birmingham & Atlantic Ry. Co.,* 145 Ala. 514, 42 South. 118), when the cause was reinstated upon the docket of the circuit court, pursuant to an order to that effect. After the legal establishment of a branch court at Pell City, the cause was transferred to that division of the

court, and was tried there at an adjourned term, held in July, 1908; judgment being rendered in favor of the plaintiff. At the same term of court, on motion of the defendant, the judgment was vacated, and a new trial ordered. At the next regular term of the court, on motion of the plaintiff, an order was made to vacate and annul the order for a new trial made at the pervious term. Subsequently defendant moved the circuit court to vacate and annul that order, which motion was overruled. The defendant appealed from the order vacating the order for a new trial, and also filed his petition in the Supreme Court for a writ of mandamus directing the judge of the Sixteenth judicial circuit to vacate and annul the order made at the subsequent term setting aside the order granting a new trial. The appeal and the petition for mandamus were submitted together.

It is suggested that the omission of the case from the docket of the circuit court for several terms, in the circumstances above mentioned, operated as a discontinuance of the action. There is no merit in this suggestion. This conclusion is supported by the ruling on a very similar state of facts in the case of *Ex parte State of Alabama,* 115 Ala. 133, 22 South. 556.

The attempt to resuscitate the judgment which had been set aside at a former term of the court was the assumption of a power which the court did not possess over a judgment or such an order made at a former term.—*Rich v. Thornton,* 69 Ala. 473; *Buchanan v. Thomason,* 70 Ala. 401; *Talladega Mercantile Co. v. Mc-Donald,* 97 Ala. 508, 12 South. 34. As a rule a court cannot vacate an order granting or refusing a new trial after the term at which it was entered, unless it is impeached as a nullity.—29 Cyc. 1030.

A noncompliance with the rule of practice prescribing notice to the adverse party of a motion for a new

OF ALABAMA. 583

trial (Rule 22, Civ. Code 1907, p. 1522) would not be a ground of impeachment as a nullity of the order made on such motion. Such noncompliance would render erroneous and subject to reversal the order so made, but would not impair the power or jurisdiction of the court to make such order effectual against any attempt of the same court to alter, vary or annul it at a subsequent term.

The writ of mandamus will issue as prayed for, unless the judge of the Sixteenth judicial circuit, when advised of this ruling, shall vacate the order made at the fall term, 1908, to vacate the order for a new trial made at a pervious term.

Mandamus granted.