# WISWALL v. GLIDDEN.

1. Where a cause in which it is proposed to try the right of property under the statute, is not placed upon the docket of the Court for several terms after the bond and execution is returned—*Held*, that the failure of the Clerk to docket it, does not operate a discontinuance ; and if stricken from the docket, a *mandamus* will be granted to reinstate it.

WRIT of Error to the County Court of Mobile.

The plaintiff in error having recovered a judgment against Jesse Turner, caused a *fieri facias* to be issued thereon and placed in the hands of the sheriff of Mobile. This execution was levied on a negro man, to whom the defendant interposed a claim, and entered into bond with surety for the prosecution thereof, pursuant to the statute. The bond bears date the 22d July, 1840, but the case of the trial of the right of property was not placed upon the docket of the County Court, to which it was properly returnable, until the February term, 1842, after two or three terms had intervened since the execution of the bond : whereupon the County Court, for the reason that the cause was not placed on the trial docket in time, determined that it should be stricken therefrom; which was accordingly done, and thereupon the plaintiff in execution excepted, &c.

STEWART, for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—The statutes in respect to the trial of the right of property levied on by execution and claimed by a third person, require the sheriff to return the fact of the claim, together with the execution, to the Court from whence it issued; and an issue is to be made up either in that Court, or if the levy was made in another county, then in the Circuit Court of the latter, to try the question of right. The issue is to be made up under such rules as the Court may adopt; and "the burthen of proof shall be upon the plaintiff in execution."

*Further*, "Whenever any claim to property shall be made, the same shall not be dismissed, discontinued or withdrawn, but by the consent of the opposite party." [Aik. Dig. 167 to 171.]

It is provided by statute, as well as by rule of Court, that each Clerk shall keep a docket, in which shall be entered all causes returned to his Court for trial; and it is enacted, that " all causes remaining on the docket of any Circuit Court, at the rising thereof, shall be continued over of course, for trial at the next succeeding term." [Aik. Dig. 284.] The question raised upon the record, in this cause, is, whether the failure of the Clerk to docket the claim of property, operated a discontinuance of the case?

It was certainly the duty of the Clerk to have entered it upon his docket, but his neglect cannot, it is conceived, prejudice either party. By declaring that all causes on the docket not disposed of at the close of the Circuit Court, shall be continued until the next term, the statute does not discontinue all that are not docketted, or deny to the Court the right to permit them to have a place on the docket at a succeeding term. To say nothing of the character of the proceedings in the present case, which was originated by the act of the claimant, it may well be questioned if it was indispensable to its pendency in Court, that it should be docketed, whether there could be a discontinuance until this was done.

The correct practice, and one which will protect the rights of all parties, is, for the County Court, on motion of either party, to allow the cause to be placed on its docket; unless some sufficient cause is shown to the contrary—as, that it had been settled, &c.

But as there is no judgment disposing of the cause, the writ of error cannot be sustained; the appropriate remedy will be in the event of the County Court refusing to grant the motion which we have indicated would be proper, to move for a rule upon that Court to show cause why a *mandamus* should not be awarded. [Stephenson & Chapman v. Mansony, at this term.]

Let the writ of error be dismissed.