## DOE ex dem. BROWN & WIFE vs. CLEMENTS & HUNT.

1. A case having been taken from the Supreme Court of this State to the Supreme Court of the United States, the judgment was there reversed, and the cause remanded, but the certificate of reversal did not reach the former court until after the lapse of more than nine years: *Held*, that this did not operate a discontinuance of the cause.

MOTION for judgment in obedience to the mandate of the Supreme Court of the United States, reversing the judgment rendered by this court at the June term, 1843, and remanding the cause.

F. S. BLOUNT, for plaintiff in error.

DANIEL CHANDLER, *contra*.

CHILTON, C. J.—This court having rendered a judgment of affirmance in this cause, it was taken by the plaintiff in error to the Supreme Court of the United States, where the judgment of this court was reversed, and the cause ordered to be remanded for further proceedings. The judgment of reversal was rendered in December, 1844, but the mandate or certificate of reversal did not reach this court until recently, when the cause was ordered to be placed upon the docket.

It is insisted by the defendants in error, that we must presume, after the lapse of so long a period of time, that the parties have come to some arrangement and settlement of the litigation, and had determined to discontinue or abandon it, and that

the cause stands discontinued by operation of law. Our opinion is otherwise. It is the duty of the clerk of the Supreme Court of the United States, to forward to this court the evidence of the reversal of the judgment, in order that the cause may be disposed of in conformity to the decision of that court. If this evidence is delayed for a period short of that which would operate a bar of the right to proceed, it should not be allowed to prejudice the party who succeeded in the court above, nor does it relieve this court from the duty of carrying into execution the decree of the Supreme Court of the Union.

That the failure of the clerks to do their duty, in not placing causes on the docket, shall work no prejudice to the parties, was settled by this court in Wiswall v. Glidden, 4 Ala. R. 357, where it was held, that the omission of the clerk to place a claim of the trial of the right of property on the docket, until several terms had elapsed after the claim was put in, did not operate a discontinuance ; and if the cause was stricken from the docket, a *mandamus* would lie to reinstate it.

As no ground, aside from that covered by the decision of the Appellate Court, is urged as a reason for adhering to the affirmance heretofore had in this court, we have nothing to do but to order the judgment of the Circuit Court to be reversed, and the cause to be remanded for further proceedings conformable to the views expressed in the opinion of the Federal Supreme Court.

Judgment accordingly.