Ex parte Edward Garland.

## Ex parte EDWARD GARLAND.

[MOTION FOR A MANDAMUS.]

1. *Discontinuance—mandamus—practice.*—Under the facts of this case (see statement,) there was no discontinuance of the suit in the court below. [BYRD, J., concurring as to this point, *held*, that the applicant was not entitled to proceed in this court by *mandamus*, but should have waited the final determination of the cause in the court below, and brought the point before this court by appeal. WALKER, C. J., *held*, that without making any announcement of the law of the case, a rule *nisi* should be granted.—See his opinion as to the practice of the supreme court in *mandamus* cases.]

THE nature of this proceeding and the facts in relation thereto, are so fully stated in the opinions of the judges, it is unnecessary to repeat them here.

SAMUEL F. RICE, and F. M. WOOD, for the motion.

A. J. WALKER, C. J.—A case was upon the docket of the circuit court of Barbour county, wherein one Moses was the plaintiff and the relator was the defendant, and the alleged cause of action was a promissory note. The defendant made a motion, addressed to the circuit court,

to strike the case from the docket. Upon this motion evidence was received, and the court, upon the evidence and the law, rendered judgment overruling the motion, and a bill of exceptions was taken setting forth the evidence upon which the motion was decided. A motion is now made for a rule *nisi* to the circuit judge, to show cause why a peremptory *mandamus* should not issue to him requiring him to strike the case from the docket. No notice either to the circuit judge or to the plaintiff in the case as it stood in the circuit court was given, and no appearance by the parties resisting the motion is made. The counsel for the relator, when reminded of the entire want of notice, insisted, as a matter of right, upon a hearing of his motion without such notice. Permission was given to the counsel to argue the case in reference to the decision of the circuit judge, this court reserving to itself the consideration of the course of practice which should prevail.

In England, the rule to show cause why a motion for a *mandamus* should not issue is strictly *ex parte*. A rule *nisi* is granted, and upon a return of the rule a trial is had.— Tapping on Mandamus, m. pp. 5, 6. There, is however, an exceptional class of cases in which the rule will be made absolute in the first instance.—Tapping on Mandamus, 287, 288, 298. But where the right is of a private nature the application is for a rule *nisi*. If the application be for a rule *nisi*, notice is not essential.—Tapping on Mandamus, 287. Upon the granting of a rule *nisi*, the court will, in the exercise of a discretion for the promotion of justice, order a notice of the rule to third persons who are interested.—Tapping on Mandamus, 300 ; *Rex v. Vice Chan., &c., Burrow*, 1847 ; S. C. 1 *W. Blackstone*, 547 ; *King v. Bankes*, 1 W. Bl. 445 ; *S. C. Burrow*, 1452 ; *King v. Simpson*, W. Blacks. 456, 458. Upon the return of the rule the court allows all those who have had notice of it, or who are legally interested in the question, to show cause.—Tapping on Mandamus, 302. It is not by any means the practice in England to settle the merits of a case without notice to the parties who have an adverse interest.

In England, in the supreme court of the United States, and in Massachusetts, and Pennsylvania, a *mandamus* is

Ex parte Edward Garland.

not admitted as a remedy to correct erroneous action of a judicial tribunal. If a court has acted and decided a question of right, the decision or judgment can not be revised by *mandamus*. The same doctrine seems to prevail in New York, though its decisions are somewhat conflicting.—Tapping on Mandamus, m. pp. 13, 14, 15, 16, 109, 110, 111, 266 ; Moses on Man. 31, 37; *Postmaster General v. Trigg*, 11 Peters, 170 ; *Decatur v. Paudling*, 14 Peters, 515 ; *Commissioner of Patents v. Whiteley*, 4 Wal. 522, 534 ; *United States v. Lawrence*, 3 Dal. 42 ; Exp. Koon, Denio. 644 ; *Commonwealth v. Judges*, 1 S. & R. 87 ; *Commonwealth v. Judges*, 3 Binn. 273 ; *Chase v. Blackstone, &c.*, 10 Pick. 244 ; *Morse, Petitioner*, 18 Pickering, 443 ; *Gray v. Bridge*, 11 Pick. 189 ; see also, *Roberts v. Holsworth*, 3 Hals. 57 ; *Picket's case*, 1 Spencer, 134.

Some of the opinions of this court seem to favor the same doctrine.—*Ex parte Mahone*, 30 Ala. 49 ; *Lamar v. Commissioner's Court*, 21 Ala. 772 ; *State v. Bowen*, 6 Ala. 511 ; *Ex parte Garlington*, 26 Ala. 170.

In this State the practice has been to apply for a *mandamus* upon motion, and to grant the rule *nisi*. In one case, *State ex rel Nabors*, 7 Ala. 459, an alternate *mandamus* was issued. In this court, where the motion relates to some matter in an inferrior court, the usual practice has been, to hear argument for and against the motion for the rule *nisi*. We have looked into the precedents, and in most of the cases there was an antagonistic appearance and argument.—*Ex parte Echols*, 39 Ala. 698 ; *Northington*, 37 ib. 490 ; *T. & C. R. R. Co. v. Moore*, 36 ib. 371 ; *Lawrence*, 34 ib. 446 ; *Morgan*, 30 ib. 51 ; *Lowe*, 20 ib. 530 ; *Elston*, 25 ib. 72 ; *Garlington*, 26 ib. 170 ; *Robins*, 29 ib. 71 ; *Small*, 25 ib. 74 ; *State v. Judge, &c.*, 15 ib. 740 ; *Adams & Knapp v. Horsefield*, 14 ib. 223 ; *Henry*, 24 ib. 638 ; *Comstock v. Givens*, 6 ib. 95 ; *Brazier v. Turner*, 4 ib. 569. In a few cases there does not appear to have been an appearance and argument by an adverse party, though in some of them the court rejected the motion, upon the ground that *mandamus* was not the remedy.—*Ex parte Putnam*, 20 Ala. 592 ; *Cole*, 28 ib. 50 ; *Nabors*, 7 ib. 459 ; *Johnson v. Glasscock*, 2 ib. 519 ; *Mansony*, 1 ib. 98 ; *Jones*, 1 ib. 15.

In this State the granting of the rule *nisi* has not been attempted to be confined to plain cases, but has been extended to cases of great nicety and difficulty. It has also been extended to the revising of positive judicial action, and its action to that extent is invoked in this case. Besides, upon the issue of the rule *nisi*, no return to the rule is in practice ever made, but the inferior court yields to the opinion expressed upon awarding the rule *nisi*. The *mandamus* has become, within its limited sphere of operation in this State, as much a means of reviewing the decision of a subordinate court as an appeal, and the opinion expressed is practically as controlling in its effect as would be a peremptory *mandamus*. In England, as we have seen, the practice is different. A binding decision against absent parties is not made. A conclusive adjudication against persons adversely interested is not made until the rule *nisi* is returned, and the persons adversely interested are notified and have an opportunity to be heard. The course of practice in this State is obviously indefensible upon principles of justice and common right, except upon the theory that the parties interested are heard upon the motion for a rule *nisi*. The practice of making a positive announcement of the rules of law to which the subordinate court yields may have grown out of the general custom of the bar, (to which very few exceptions can be found,) of making the hearing of the motion for a rule *nisi* a trial really *inter partes*, although in form *ex parte*, or it may have grown out of a construction upon our rule of practice in reference to notice of motions in the supreme court, which included such a motion within that rule.—Revised Code, 8 Rule of Practice, p. 816. No matter how the custom of announcing opinions which control the judicial action of subordinate courts upon motions for a rule *nisi* may have originated, it can be justified only where the opposing parties are heard according to the usual practice in this court, or being notified, have an opportunity to be heard.

In several classes of cases in England, notice of the application for the rule *nisi* is required by statute. While the general rule in this country is to allow the motion for the rule *nisi* without notice, yet it is by no means uniform. In

Ex parte Edward Garland.

some of the States the practice is to initiate the proceedings by a petition, served upon the adverse parties, and where that is the case a peremptory *mandamus* issues at once.—Moses on Mandamus, 201, 204. In New York, the court, encountering perhaps the same difficulty which we have in this State, laid down from the bench the rule that no motion for a rule *nisi* would be entertained until notice had been given to the adverse parties.—*Ex parte Albany Water Works Company v. Albany Mayor's Court,* 12 Wendell, 292. And this is pronounced the better rule, although it has not been strictly followed.—3 How. Pr. R. 164; Moses on Mandamus, 252. In an older case in New York than the one cited above from 12 Wendell, a notice of the motion was given, and the court, upon its hearing, granted a peremptory *mandamus,* regarding the intervention of the rule *nisi* as unnecessary in such case.—*Ex parte Jennings,* 6 Cowen, 518, 519. In Illinois the rule seems to be to hear the application for *mandamus* only on notice, and upon the hearing to pretermit the rule *nisi* and grant a peremptory *mandamus.*—*Duncan v. People,* 1 Scammon, 456.

Under the practice prevalent in this State, no costs is recovered or paid when the rule *nisi* is ordered. Judgment for costs can not be rendered until return is made to the rule.—Tap. on Man. 420. As no return is in practice made to the rule, no final conclusion of the proceeding is ever attained, and no costs is recovered. In this respect our practice needs to be reformed.

It would probably be better to adopt some rules of practice governing the proceeding by this court by *mandamus,* but we will not attempt to do so at this time.

We conclude that an opinion upon questions of law adverse to parties not before the court, and not notified, should not be expressed, unless some extraordinary emergency should arise, in which delay would be highly injurious. If the court can perceive plainly, that the relator is not entitled to the *mandamus* upon his own showing, it is proper to proceed to judgment against him. I am not able, for myself, to attain the satisfactory conclusion against the relator's right to the relief he seeks, which would justify me in refusing the rule *nisi,* and I would prefer, without making

any authoritative announcement of the law of the case, to grant the rule *nisi*. My brethren, for reasons which they state in their opinions, think it plainly appears, that the plaintiff is not entitled to the *mandamus*, and in conformity to their opinion the notice is overruled at the costs of the relator.

JUDGE, J.—The facts disclosed by the record, show that a suit was commenced on a promissory note, in the circuit court of Barbour county, on the 27th day of February, 1867, by Isaac G. Moses, executor, &c., against Edward Garland. Service was accepted of the complaint, by the defendant therein, in writing, on that day; and the summons to which the complaint was attached, not having been dated and signed by the clerk, the defendant waived, also in writing, a summons and copy. After the acceptance of service, the counsel for the plaintiff retained the papers in the cause in their possession, until the trial term, which was the spring term, 1868, when they had the cause entered upon the trial docket. The papers had never before been returned to the court, or the clerk thereof, nor placed on any docket. But as the bill of exceptions informs us, " the defendant expected the case was in court, and was present at the trial term, together with counsel he had employed to attend to the cause." The defendant moved the court, at the trial term, to strike the cause from the docket, contending that if the facts showed a suit had ever been instituted, they also showed it had been discontinued.

We are satisfied the facts disclosed show that a suit was commenced, which might have been pleaded in abatement to another suit upon the same debt, if such other suit had been instituted.—*Dean v. Massey*, 7 Ala. 601. The material inquiry then is, whether the suit was discontinued after its commencement?

We do not controvert the proposition, that a suit may be discontinued by a gap or chasm in the proceeding, occurring after its commencement; provided the gap or chasm be not the result of some omission of the clerk of the court, or other ministerial officer. Such seems to have been the

rule of the common law, and it has been sanctioned by numerous adjudications of this court.— *Wiswell v. Glidden*, 4 Ala. 357 ; *Drinkard v. The State*, 20 Ala. 9 ; *Doe ex dem. Brown and Wife v. Clements & Hurt*, 24 Ala. 354 ; *Harrell v. The State*, 26 Ala. 52 ; *Ex parte Remson*, 31 Ala. 270 ; *Forrester v. Forrester*, 39 Ala. 320 ; *Ex parte Rivers*, 40 Ala.

But what gap or chasm occurred in the proceeding we are considering ? None, unless such was constituted by the omission to deliver the papers to the clerk, before the trial term. Had they been delivered to the clerk before, he would not have been authorized to enter the cause upon the trial docket, any earlier than it was thus entered.— Revised Code, § 767. Nor would any action of the court whatever, have been necessary to continue the cause in court, until the trial term. It is difficult to percive, then, how any gap or chasm was produced in the proceeding by the non return of the papers.

It is only at the *trial term*, that a cause must be tried, unless good cause be shown for its continuance.—Revised Code, § 2660. And, as a general rule, it is only at, or subsequent to such term, that a gap or chasm in the proceeding, not attributable to the clerk or other ministerial officer, can operate as a discontinuance.

We would not be understood as sanctioning the practice pursued in the case we are considering. The papers properly should have been delivered to the clerk, on the acceptance of service. But that they were not thus delivered, may be attributed to the acceptance of service and waiver of a summons by the defendant ; and surely he should not be heard to complain of the consequence of his own act, permitted for his own benefit, especially when no substantial right of his has been prejudiced or concluded thereby.

BYRD, J.—It is said in the opinion of the court in the case of *Ex parte Echols*, 39 Ala. 700, " that the writ of *mandamus* can only issue to some officer required by law to perform some mere ministerial act, or to a judicial officer to require him to take action ; but not in a matter requiring judgment or discretion to direct or control him in the

exercise of either." This, as a general proposition or rule, I think, is fully sustained by the weight of English and American authority. The application of it has not been uniform. It seems that some courts have construed the phrase "to take action," as authorizing the superior court to compel an inferior one to grant some order in the progress of a cause which has been refused. While on the other hand, courts have generally construed the phrase as meaning that the superior court could only compel an inferior one by *mandamus* to proceed to determine a motion or a cause, where the inferior court ought, and has refused to do so. And it has almost been uniformly held in England, if not in this country, that the action of an inferior court can not be reviewed by *mandamus*, where a writ of error or an appeal is allowed on the final disposition of a cause.

This court has clearly, to my mind, been far from uniform in its decisions in the application of the rule. And I differ with my brethren in the application of the rule to the case in hand, and prefer to follow the decisions of this court hereinafter next cited, as asserting and making the appropriate application of the doctrine supported by the weight of English and American authority.—*Ex parte Mahone*, 30 Ala. 49 ; *Lamar v. Commissioner's Court*, 21 ib. 772 ; *State v. Bowen*, 6 ib. 511 ; *Ex parte Garlington*, 26 ib. 170 ; *Ex parte Rowland*, ib. 133 ; *Ex parte City Council of Montgomery*, 24 ib. 98 ; *Ex parte Elson*, 25 ib. 72 ; *Ex parte Small*, ib. 75, and other cases.

I do not think there is a single case in our reports which makes a different application of the general principle announced in *Ex parte Echols*, *supra*, than that given in the cases last cited by me in the case in hand, where the question was made and argued by counsel, and was considered and decided upon authority by the court. Decisions not so made are not entitled to much weight against the well considered and almost uniform adjudications of the courts of this and the mother country, as well as the unvarying current of authority of the text books.

If we take jurisdiction to review the action of the inferior courts on interlocutory orders and motions in some

instances, why not in all? And where is the boundary to be fixed? And are causes in the courts below to‑be constantly subject to be delayed by applications to this court to review the action of those courts on such motions or orders? And if it is tolerated in a motion like the present, why not in the action of the court in overruling a demurrer to a complaint or bill in equity, where the court should have sustained it? Upon principle and authority, I am satisfied that the rule *nisi* should be refused in this cause upon the ground that the application does not make a *prima facie* case for a writ of mandamus.

I also concur in the conclusion arrived at by my brother Judge upon the point stated in his opinion.

BYRD, J.—The application for a re-hearing is made partly on the authority of *N. E. & S. W. R. R. Co.*, 37 Ala. 597. We are not aware of any rule of court which affects the correctness of the opinion heretofore delivered by the court, and we adhere to it. Consequently, the application is overruled.—*Forrester v. Forrester*, 39 Ala. 320.