# Miller v. The State.

*Bastardy Proceeding.*

1. *Bastardy proceeding; when prosecuted by minor she need not appear by next friend.*—In a bastardy proceeding prosecuted by a minor in the name of the State, it is not necessary that the prosecutrix should appear by her next friend.

2. *Same; no discontinuance by reason of clerk's failure to docket case.* The mere neglect of a clerk to docket a cause, does not work its discontinuance; and where in a prosecution for bastardy the defendant is bound over to appear at the next term of the circuit court to answer the charge, and at that term the case was not docketed and no order was made specially in regard to it, and neither the court nor solicitor had notice of the defendant having been bound over, but at the close of said term, the court entered a general order of continuance of all business not otherwise disposed of, there was no discontinuance of the prosecution; the failure of the case to appear on the docket being attributable to the neglect of the clerk. (But the rule as to prisoners in jail is in no way modified.)

3. *Same; amendment of complaint.*—In a bastardy proceeding, while a complaint which avers, in the words of the Statute, (Cr. Code, § 4842),that the prosecutrix "was pregnant with, or delivered of,

[Miller v. The State.]

a bastard child," is not objectionable, there is no error in allowing it to be amended by striking out the words "or delivered of."

4. *Same; competency of secondary evidence of a letter.*—In a prosecution for bastardy, it is competent for the State to prove the contents of a letter written to the prosecutrix by the defendant, in which he advised her how to produce an abortion, although the letter had been destroyed by the prosecutrix herself; the fact of the destruction of the letter by the prosecutrix being a fact to be considered by the jury in determining her credibility, but not rendering the evidence of the contents of the letter incompetent and inadmissible.

5. *Same; idems sonans.*—When the complaint in a bastardy proceeding spelled the given name of the prosecutrix "Leola," and it was shown that her real name was "Leolar," there is no such variance as to exclude evidence that Leolar was the prosecutrix and was the person pregnant; the doctrine of *idems sonans* applying to such a case.

6. *Same; evidence that prosecutrix had been delivered of child admissible.*—On the trial in a prosecution for bastardy, where the complaint avers that the prosecutrix "was pregnant with a bastard child," without averring that she had been delivered of the child, evidence that the prosecutrix had been delivered of the child before the trial is admissible.

7. *Same; evidence of prosecutrix association with another mother of a bastard irrelevent.*—On the trial in a bastardy proceeding, evidence that at one time the prosecutrix associated with another person, who had previously given birth to a bastard child is wholly irrelevant, and is properly excluded.

8. *Same; evidence that prosecutrix and defendant were seen alone admissible.*—On the trial in a bastardy proceeding, evidence that on one occasion the prosecutrix and the defendant were seen together alone, though a mere circumstance, is admissible for whatever it may be worth.

9. *Same; statements made by defendant upon being arrested admissible.*—Where at the time of being arrested by an officer having two warrants, charging him as to the same woman with bastardy and seduction, the defendant said "it was pretty bad," and upon being told by the officer, in answer to an inquiry, that the father of the young woman spoke of killing him, the defendant said that "he did not know that he could blame him," such statements by the defendant are competent evidence against him, and admissible on his trial on the charge of bastardy.

10. *Same; argument of counsel, commenting on failure of defendant to testify.*—A bastardy proceeding, though penal in its character and *quasi* criminal, is not a criminal prosecution within the meaning of the statute which declares that in criminal prosecutions a defendant, at his own request, may become a competent witness, but forbids counsel from commenting on his failure to testify in his own behalf (Code, § 4473); and, therefore, it is not a reversible error that the

[Miller v. The State.]

prosecuting attorney, in his argument to the jury in a bastardy trial commented adversely upon the failure of the defendant to testify in his own behalf.

11. *Charges of court to jury; no error to refuse those in effect the same as others already given.*—It is not error for a court to refuse to give charges which are mere repetitions of charges already given, or which are so near alike as to be in legal effect the same.

12. *Same; should be clear.*—Charges requested to be given to the jury should be clear, explicit and easily understood; and when charges are involved in their meaning they are properly refused.

13. *Bastardy; charges to the jury; failure of defendant to testify.*— On a trial under a prosecution for bastardy, where it was shown that at the time there was an indictment pending against the defendant for the seduction of the prosecutrix in the bastardy proceeding, and the defendant did not testify as a witness in his own behalf, a charge to the jury "that if the defendant's failure to testify was because of the pendency of a charge of seduction against him, and not because of a consciousness on his part that he is the father of the child, then it is not to be considered a circumstance against him," is erroneous and properly refused.

14. *Same; same; burden of proof.*—To authorize a judgment against a defendant in a bastardy proceeding, the burden is upon the State to show that the defendant is the father of the bastard child, but it is not incumbent upon the State to introduce other affirmative evidence that no one else was the father; and a charge which asserts such a proposition is erroneous and properly refused.

15. *Same; same; inconsistent statements by prosecutrix.*—On a trial in a bastardy proceeding, a charge which instructs the jury "that if they find from the evidence that on a former occasion the prosecutrix has made a sworn statement inconsistent with her testimony on this occasion, and inconsistent with the guilt of the defendant, and the jury are unable to find to a reasonable certainty which of said statements are correct, then their verdict should be for the defendant," is erroneous and properly refused in that it takes from the jury, in determining the guilt of defendant, the consideration of all other evidence in the case, except that of the prosecutrix.

16. *Same; same; explanation of suspicious circumstances.*—Where in such a case there is evidence of suspicious circumstances tending to incriminate defendant, a charge which instructs the jury that "the defendant is not called upon to explain suspicious circumstances, but he may rely upon the weakness of the State's case, and if the State fails to show by the evidence that the defendant is guilty to a reasonable certainty, the defendant need offer no explanation whatever, but may demand your verdict, because of the weakness of the case as made out by the State; and if the defendant does offer testimony, and this testimony explains only a part or portion of the circumstances surrounding the case, and the jury believe the State has failed to make out a case to their reasonable satisfaction, they should find for

the defendant," is both invasive of the province of the jury and argumentative, and, therefore, properly refused.

17. *Same; same; measure of proof.*—To authorize a verdict and judgment against the defendant in a bastardy proceeding, it is not necessary that the jury should be satisfied from the evidence of the defendant's guilt to a moral certainty, or that they be "conclusively satisfied" thereof; and charges which exact such proof are properly refused as exacting too high a measure of proof; reasonable certainty being all that is required.

18. *Same; same; determining the credibility of a witness.*—A charge to the jury in such a case, which restricts the consideration of the jury, in determining the credibility of the prosecutrix as a witness, to "her testimony, and all the evidence which tended to contradict her," and excludes from their consideration in such connection the evidence which tended to corroborate her, is erroneous and properly refused; the jury should consider all of the evidence, *pro* and *con*, which relates to each question in the case.

19. *Same; same; same.*—The weight to be given the testimony of a witness should be left to the determination of the jury; and a charge which assumes that a witness "is shown to be unworthy of credit," instead of predicating such conclusion upon the finding of the jury to that effect, when there is no evidence in the case to justify such assumption, is properly refused as containing an unwarranted assumption.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was a bastardy proceeding, commenced by the following affidavit being made before a justice of the peace of Marshall county, on November 2, 1893 :

"Personally appeared before me, Thos. J. Robertson, a justice of the peace in and for said State and county, Leola Lewis, who being duly sworn deposeth and saith that she is a single woman and residing in said county, and is pregnant with a bastard child, and that one Thomas J. Miller is the father of said bastard child."

Upon this affidavit a writ of arrest was issued, which was executed by arresting the defendant, Thomas J. Miller, on November 7, 1893.

On January 5, 1894, the defendant was bound over by the justice of the peace to the circuit court to answer "A criminal prosecution for bastardy." On October 20, 1894. during the fall term of the circuit court of Marshall county, the solicitor of said circuit filed the following complaint :

"The State of Alabama by its solicitor complains and

[Miller v. The State.]

says that Leola Lewis, a single woman of said county, was pregnant of and delivered of a bastard child in said county, and has made complaint on oath before Thos. J. Robertson, J. P. in and for Marshall county, where she was so pregnant, accusing one Thomas J. Miller of being the father of such child.''

The motion to dismiss the prosecution because of an alleged discontinuance and the facts pertaining thereto are sufficiently stated in the opinion. This motion was overruled, and the defendant duly excepted. Thereupon the defendant moved to strike the cause from the docket, and to dismiss the same upon the following grounds : 1st. That the suit is prosecuted in the relation of Leola Lewis, who is a minor under the age of 21 years, and there is no next friend ; and 2d, because the issue tendered by the solicitor in behalf of the State, does not aver that the defendant is the father of the bastard child. This motion was overruled, and the defendant duly excepted. After the court had sustained the defendant's demurrer to two separate complaints filed by the State's attorney the State tendered a third complaint, which was as follows : ''The State of Alabama, by its Solicitor, complains and says : That before the commencement of this prosecution, Leola Lewis, a single woman of said Marshall county and State of Alabama, was pregnant with, or delivered of a bastard child in Marshall county, and the State avers that Thomas J. Miller is the real father of the child.''

Defendant at once demurred to this complaint, upon the following grounds : First. Because of duplicity in said issue. Second. That it does not show that if she was pregnant with a bastard child before and at the commencement of this prosecution, she has been since delivered. Third. That it does not aver that prosecutrix was single at the commencement of the prosecution. Fourth. That it does not show that she is single now. Fifth. That it is a departure from the proceedings before the justice of the peace, in this, it avers a delivery of a bastard child, without averring it to be the one with which she was pregnant when this prosecution was commenced.

The court overruled this demurrer, and to this ruling the defendant duly excepted. The defendant pleaded

the general issue as to the third complaint, and the trial was had upon issue formed on this plea.

The State then introduced the prosecutrix as a witness, and who testified in substance : I am single ; have never been married ; am mother of a bastard child born November 27th, 1893 ; and there was no evidence tending to show that it was born at any other time than November 27th, 1893. Child at home and alive. Thomas Miller, the defendant, is father of child. Never had sexual intercourse with anyone but Miller. The first time with him December 20th, 1892, while boarding at his house. I was boarding at his house going to school. He had intercourse with me from December 20th, 1892, and at different times, up to last of March, or first of April, 1893, when I left there and went home. This was in Marshall county, where Miller lived, and where my father lived. When I went home Miller told me he would get some medicine to make me miscarry, and said he would put it in a certain chestnut log by the side of the road near my father's house. I found medicine there, and a note in Miller's handwriting, and that I knew his handwriting, which note I destroyed. The State here offered to prove the contents of the note, and defendant objected because prosecutrix could not destoy evidence and then give secondhand rendition of it. The court overruled this objection and permitted the witness to give the contents of the note, and to this the defendant duly excepted.

Witness stated contents of note to be instructions how to take the medicine, and that if it was not enough, he would get some more ; and that if anything got the matter, to have no other doctor than Dr. Martin. Witness further testified that said pregnancy occurred in this county, and that she was not out of the county before the child was born, and that it was born in this county. The defendant being permitted, asked the witness to spell her name, which she did, and spelt "Leolar Lewis." The defendant then moved to exclude the evidence of the witness, because the name of the person named in the complaint, and other papers, including the affidavit and issue made up in this case, as being pregnant with, or delivered of, a bastard child, is "Leola Lewis," and not the name of witness. The court overruled the motion, and to this ruling of the court the defendant duly excepted.

The witness then testified that at the time she signed

affidavit charging the defendant with being the father of her child, and set out in this bill, she had not then been delivered of a child. The defendant then moved to exclude all that witness had said about having given birth to a child, on the ground that the issue made up, and on which the defendant went to the jury, alleged that she was pregnant with, or delivered of a child before the commencement of this prosecution. This motion the court overruled, and to this ruling of the court the defendant duly excepted.

After this the court permitted the Solicitor to strike out from his complaint, or tender of issue, the words, "or delivered of," against the objection of the defendant, and to this action of the court the defendant duly excepted.

The State introduced as a witness one J. L. Turk, who testified that he had met the defendant and prosecutrix at one time, on the road from her father's house, riding in a cart, and that no one was with them. The defendant objected to this testimony, because irrelevant and immaterial. The court overruled the objection, and the defendant duly excepted.

Upon the examination of Jonn T. Buchanan, as a witness for the State, he testified that he was the constable who arrested Miller ; that when he arrested him he had warrants charging him with bastardy and seduction, and that when he read the warrants to him, he, Miller, said, "it was pretty bad, and asked him if Lewis was mad ; that he told defendant he thought that Lewis was mad and spoke of killing the defendant ; that thereupon the defendant said that he did not know that he could blame him, or words to that effect." The defendant objected to this testimony because irrelevant and immaterial, and not a voluntary confession. The court overruled the objection, and to this ruling the defendant duly excepted.

Upon the examination of the prosecutrix as a witness, the defendant asked her as to her association with certain persons and in reference to certain immodest acts committed by her in the presence of certain named persons, and if she did not allow certain other persons to hug and kiss her at certain times. The prosecutrix as a witness, in answer to these questions denied ever having done or permitted such things. The defendant introduced evidence tending to contradict the prosecutrix in

reference to such acts, and also tending to contradict her in reference to other statements made by her concerning her relation with the defendant. The other rulings of the court upon the evidence are sufficiently stated in the opinion.

The Solicitor, during his closing argument, commented on the failure of the defendant to testify, saying among other things, in substance, that he of all men, knew whether he had an opportunity to be the father of the child, and that he had heard the prosecutrix swear he was, and that he was the only man with whom she had ever had sexual intercouse, and he had sat silently by and had not denied it. It was admitted in this connection, that at the time of the trial of this cause, there was pending in the circuit court of Marshall county, a criminal prosecution against defendant for the alleged seduction of the prosecutrix in this cause in December, 1892; that the State insisted the defendant cohabited with prosecutrix on divers occasions after this, from which she finally became pregnant, and that this bastardy proceeding was on account of such pregnancy.

To this the defendant objected, and asked the court to instruct the jury to disregard this argument, because it was improper. The court overruled this objection, and permitted the argument to be made, and to this action of the court the defendant duly excepted.

The defendant asked the court to give each of the following written charges, each of which the court refused, and to the refusal of the court to give each of said charges the defendant separately excepted: (1.) "The burden of the proof is upon the State to show that the defendant, and not anyone else, is the father of the child; and not upon the defendant to show that some one else was the father of the child." (2.) "The burden of proof is upon the State to prove to the reasonable satisfaction of the jury, that the defendant is the real father of the child, and the State has not done this if the evidence leaves the mind of the jury in such a state of doubt that they cannot say with reasonable certainty that the defendant and no one else is the father of the child." (3.) "The court charges the jury that if the child was born on the 27th day of November, 1893, it was not begotten before the first day of February, 1893." (5.) "The court charged the jury that the period of gestation is ordina-

[Miller v. The State ]

rily two hundred and eighty days, and a child born greatly longer·than this, after sexual intercourse with defendant, would be presumptively the child of someother person.'' (6.) ''The court charges the jury, that before you can find that the defendant is the father of this child, it must be proven to the reasonable satisfaction of the jury that defendant had sexual intercourse with the said Leola Lewis, within the period of gestation, and, if after considering all the evidence the jury are unable to say, with reasonable certainty, that he did have sexual intercourse with her within that period, then they must find for the defendant.'' (7.) ''The court charges the jury that if the defendant's failure to testify was because of the·pendency in this court of a charge of seduction against him, and not because of a consciousness on his part that he is the father of the child, then it is not to be considered as a circumstance against him.'' (11.) ''The court ·charges the jury that if they find from the evidence that on a former occasion the prosecutrix has made a sworn statement inconsistent with her testimony on this occasion, and inconsistent with the guilt of the defendant, and the jury are unable to find to a reasonable certainty which of said statements are correct, then their verdict should be for the defendant.'' (12.) ''In this case the defendant is not called upon to explain suspicious circumstances, and he may rely on the weakness of the State's case, and if the State fails to show by the evidence that the defendant is guilty, to a reasonable certainty, the defendant need offer no explanation whatever, but may demand your verdict, because of the weakness of the case as made out by the State ; and if the defendant does offer testimony, and this testimony explains only a part or portion of the circumstances surrounding the case, and the jury believe the State has failed to make out a case to their reasonable satisfaction, they should find for the defendant.'' (13.) ''The court charges the jury that if the child in question was born on the 27th day of November, 1893, it was not begotten on January 1st, 1893, and if the jury are not satisfied to a reasonable certainty that the defendant had sexual intercourse with the prosecutrix after the first day of January, 1893, their verdict must be for the defendant.'' (16.) ''The court charges the jury

that if they find from the evidence that the name of the mother of the alleged bastard child is Leolar Lewis, they will find for the defendant." (17.) "The court charges the jury, that they will find the issue in favor of the defendant." (18.) "The court charges the jury that evidence that Leolar Lewis was pregnant, does not support an allegation that Leola Lewis was pregnant." (19.) "The court charges the jury, that the complaint containing no averment that the prosecutrix, who was pregnant with a bastard child at the time of the commencement of this prosecution, has been delivered of a bastard child since, and the period of gestation having long since expired, the verdict of the jury should be for the defendant." (20.) "The court charges the jury, that in the first place, the burden of proof is on the State to show you that the defendant is the real father of the child, and if you are not satisfied he (the defendant) is the real father, and that no other person was the father of the child, you cannot find for the State, but your verdict should be for the defendant." (22.) "If other men than defendant were having intercourse with prosecutrix while defendant was having intercourse with her, if he did have intercourse with her, then the court charges the jury that they must be convinced further that by some means, or by certain other acts, that the jury are convinced to be true, that prosecutrix was with child by defendant, and if the jury are not satisfied to a moral certainty of the truth of this, the defendant ought to be acquitted." (23.) "The court charges the jury that if the evidence in this case is such as to leave them without the means of arriving at a conclusion to a reasonable certainty, as to whether defendant had sexual intercourse with the prosecutrix after the first day of January, 1893, their verdict should be for the defendant." (24.) "The court charges the jury that if from all the evidence in the case, they are not able to arrive with reasonable certainty to the conclusion that the defendant had sexual intercourse with the prosecutrix, within the period of gestation, their verdict should be for defendant. The court charges the jury, that if the child was born on the 27th day of November, 1893, it was begotten on or about the 15th day of March, 1893, and if the jury are not reasonably satisfied that defendant had sexual intercourse with prosecutrix after the first day of

[Miller v. The State.]

January, 1893, their verdict must be for the defendant."
(26.)  "The court charges the jury that if defendant did
not have sexual intercourse with prosecutrix after the
first day of January, 1893, he is not the father of the
child in question."   (28.)   "The court charges the jury
that they cannot consider the failure of the defendant to
testify in this case."   (32.)   "The court charges the
jury that the argument of the solicitor, that defendant
failed to testify is a circumstance against him, was im-
proper, and you will disregard it altogether, and allow
it no influence with you in arriving at a verdict."
(34.)  "The court charges the jury that if they have
any reasonable doubt of the guilt of the defendant, they
will find for the defendant and acquit him."   (35.)
"The court charges the jury that it is the duty of the
State to prove to their satisfaction, beyond all reasona-
ble doubt, that the defendant is the father of the child."
(39.)  "The court charges the jury that unless the evi-
dence discloses to the reasonable and fairly conclusive
satisfaction of the jury that the defendant is the father
of the child, as set forth in the complaint in this case,
then the defendant should be acquitted."   (44.)   "The
court charges the jury that they may look to the fact, if
it be a fact, that the prosecutrix swore before the grand
jury at the Fall Term, 1893, of the circuit court of this
county, that defendant had not had sexual intercourse
with her after January 1, 1893, in connection with all
the other evidence in the case, in determining what
weight they will give to the testimony of the prosecutrix
in this case, and if from her testimony, and all the evi-
dence tending to contradict her, if there be such evi-
dence, the jury are not able to say whether the defend-
ant had sexual intercourse with the prosecutrix after the
first day of January, 1893, then their verdict should be
for the defendant."   (51.)   "The court charges the jury
that the testimony of witness for the prosecution, who is
shown to be unworthy of credit, is not sufficient to jus-
tify a conviction without corroborating evidence, and
such corroborating evidence to avail anything, must be
of a fact tending to show the guilt of the defendant."

The following written charges, numbered 1 to 10 in-
clusive, are the written charges that were given at the
request of the defendant:   (1.)   "The court charges the
jury that if the testimony is of such a character that

they are unable to believe it to that extent which will convince to a reasonable certainty that defendant is the father of the child, their verdict will be for the defendant.'' (2.) ''The law requires the State to make out its case in this kind of proceeding, and unless the jury believe the evidence so strongly as to be convinced of the truth of the statements in the complaint, to a reasonably honest certainty, then the defendant should be acquitted.'' (3.) ''The court charges the jury, that if they are left in such doubt as to whether the defendant had sexual intercourse with prosecutrix after the first day of January, 1893, as to prevent their reaching a conclusion to a reasonable satisfaction of the fact that the defendant is the father of the child, their verdict must be for the defendant.'' (4.) ''The court charges the jury that if the evidence in the case leaves the mind of the jury in that state of doubt and uncertainty that the jury cannot say with reasonable certainty that the defendant is the real father of the child, then they should find for the defendant.'' (5.) ''The court charges the jury that if what Miller said to the officer, if he said anything to him, proceeded from a consciousness that he had had sexual intercourse with the prosecutrix not within the period of gestation, and not from a consciousness that he was the father of the child, then what he said to the officer is no evidence that he was the father of the child.'' (6.) ''If the jury find from the evidence that the prosecutrix has willfully testified falsely as to one fact, then they may look to this in connection with all the evidence, in order to determine whether or not she is worthy of credit, and if they find she is unworthy of credit, then they cannot find against the defendant, unless she is corroborated by other testimony sufficient with all the other evidence to reasonably satisfy the jury by the preponderance of the evidence, that the defendant is the father of the child.'' (7.) ''The court charges the jury that the defendant ought to be acquitted if you find from the evidence that the last time defendant had intercourse with prosecutrix was on January 1, 1893, and that the child was born on November 27, 1893.'' (8.) ''The court charges the jury that the burden is upon the State to show to the reasonable satisfaction of the jury, by the preponderance of the evidence, that the

defendant is the real father of the child, and until the
State has done this, the defendant is not required to
offer any evidence, either of himself or any other wit-
ness, and if after weighing all the evidence in the case,
the jury is left in such a state of doubt and uncertainty
that they cannot say with reasonable certainty that the
defendant is the father of the child, then you cannot
find against the defendant, even though he did not him-
self testify in the case.'' (9.) ''The court charges the
jury that unless the defendant had sexual intercouse
with the prosecutrix within the period of gestation, be-
fore the birth of the child, their verdict should be for
the defendant'' (10.) ''The court charges the jury
that if they find from the evidence in this case that the
defendant did not have sexual intercourse with the pros-
ecutrix after the first day of January, 1893, and that
the alleged bastard child of the prosecutrix was born on
the 27th day of November, 1893, the verdict of the jury
should be for the defendant.''

The jury returned the following verdict : "We the
jury find the issue for the State, that the defendant is
the real father of the child,'' and the court rendered
judgment accordingly. From this judgment the de-
fendant appeals, and assigns as error the several rulings
of the trial court to which exceptions were reserved.

O. D. STREET and LUSK & BELL, for appellant.—1.
The court erred in overruling defendant's motion to
strike the cause from the docket and dismiss it on the
ground of discontinuance. The same cause for discon-
tinuance of this cause existed, and was shown to exist,
and was declared a discontinuance in *Ex parte Stearnes*,
104 Ala. 93.

2. The complaint or issue tendered should have
averred that the prosecutrix was single at the commence-
ment of the prosecution.—*Judge v. Kerr*, 17 Ala. 328.

3. A party cannot destroy documental or written evi-
dence, and then testify to the contents of such paper.
The prosecutrix in this case should not have been per-
mitted to take advantage of her own wrong in this way.
*Bagley v. McMickle*, 9 Cal. 430; *Riggs v. Taylor*, 9
Wheaton 483.

4. It is permissible to prove a witness' bad chatacter
and to discredit his or her testimony. Those who con-

6

[Miller v. The State.]

sort or associate with women wanting in chastity are necessarily of bad character.—*Child v. State*, 58 Ala. 349; *Boles v. State*, 46 Ala. 204; 1 Clark's Man. Crim. Law, 2990.

5. The testimony of Buchanan as to statements of defendant covered by tenth assignment of error was clearly inadmissible. It was not relevant and was a confession. If a confession, it was not shown to be voluntary. It must be shown affirmatively that a confession is voluntary.—*Amos v. State*, 83 Ala. 1; 3 Brick. Dig. 285, § 553.

6. The action of the court in permitting the solicitor to comment on defendant's failure to testify was clearly erroneous. The refusal to testify was clearly shown to the court to be by reason of the pendency of an indictment against defendant for seduction.—Code of 1886, § 4473. This is, to say the least of it, a *quasi* criminal case.—*State v. Hunter*, 67 Ala. 81.

7. Charges numbered one, two and thirty-nine, requested by defendant, and refused, assert the correct rule as the burden of proof. The burden of proof is necessarily on the State.—*Satterwhite v. State*, 28 Ala. 65; *Vandeventer v. Ford*, 60 Ala. 610.

8. Charge number 11 requested by the defendant should have been given.—*Elmore v. State*, 92 Ala. 51; *Harris v. State*, 96 Ala. 24. Charge numbered 12 requested by the defendant should have been given.—3 Brick. Dig. 112, § 89. Charge 13 should have been given. 2 Amer. & Eng. Encyc. of Law, pp. 151, 155, 156; 2 Wharton & Stilles Med. Jur., §§ 40 *et seq.*

9. Charges numbered 16, 17 and 18 were requested on the theory of a variance (undisputed), in the evidence and the pleading. The issue alleged that Leola Lewis was the mother, etc., while the evidence offered was of the pregnancy and delivery of Leolar Lewis.—*Cheek v. State*, 38 Ala. 227; 1 Clark's Crim. Law, § 2194; Wharton's Crim. P. & P., § 109 *et seq.*

10. Charges numbered 34, 35 and 37 requested by the defendant were improperly refused. The evidence must convince the jury of defendant's guilt beyond all reasonable doubt.—*Vann Tassel v. State*, 59 Wis. 351; 2 Amer. & Eng. Encyc. of Law, 145 and note.

WILLIAM C. FITTS, Attorney-General, for the State.— VOL. 110.

[Miller v. The State.]

The motion to dismiss the prosecution was properly refused. The mere fact that the cause was not docketed at the next ensuing term of court is no ground for dismissal. At best it is simply a clerical oversight, and has been so held in our State.—*Ex parte Owens*, 52 Ala. 473; *McAlpine v. State*, 47 Ala. 78. It is further urged by a second motion that prosecution should be dismissed by reason of minority of prosecutrix, as she did not appear by next friend. This position is not tenable, as it has been decided that her infancy is immaterial, although the proceeding is instituted by the affidavit of the mother, and costs may be adjudged against her, if a verdict be found against her and for defendant, yet the prosecution being conducted in the name of the State as plaintiff, the infancy of the mother is immaterial and does not render necessary the interposition of a next friend for her.—*Hanna v. State*, 60 Ala. 100.

2. The five grounds of demurrer are factitious and without weight. The complaint amply meets all the requirements of law and fact. If there was duplicity it was cured by the subsequent amendment of the court. The averments that appellant's counsel insist should have been incorporated into the complaint are superfluous and useless.—*Austin v. Pickett*, 9 Ala. 102; 1 Brickell Dig. pp. 240-241; *Dorgan v. State*, 72 Ala. 173.

3. The several objections to evidence are groundless. Prosecutrix had a right to testify to receiving remedies and letter from defendant. Her association (if she did so associate) with another woman who at one time had been the mother of a bastard child, was irrelevant and immaterial. Turk's evidence was clearly admissible. He simply testified to one among many suspicious circumstances attending association of defendant and prosecutrix. All the objections were properly overruled under the principles laid down in 2 Amer. & Eng. Encyc. of Law, pp. 144-156; *Butler v. State*, 72 Ala. 179.

4. There is no error in the ruling of the court allowing solicitor to strike out the words "or delivered of" from complaint. Bastardy proceedings are sufficiently civil to admit of amendments and striking.—2 Amer. & Eng. Encyc. of Law, pp. 144-145; *Bailey v. Chesley*, 10 Cush. (Mass.) 284.

5. The solicitor's remarks in his address to the jury are not reviewable in this instance. Appellate courts act

with great caution in matters like this. It can not be contended here that solicitor has so far transcended the bounds of legitimate argument as that this court must reverse.

6. There were fifty-one charges asked by the defendant and nearly all refused by trial court, the ruling upon each refused charge being duly excepted to. The first two are abstract, there was no evidence tending to show that anyone other than defendant could have figured as parent. No intercourse was attempted to be shown between her and anyone else. Moreover the charges exact too high a measure of proof.—*Satterwhite v. State*, 28 Ala. 65 ; *Lehman v. Kelly*, 68 Ala. 192.

7. Charges 3, 5, 6, 7, 23, 24, 26, and 44 state conclusions of fact and invade the province of the jury. These charges all premise that defendant could not have been the father of the child unless he had intercourse with her within a certain specified time, which is a pure conclusion to be left to the jury. Moreover the prosecutrix swore positively that she had intercourse with the defendant clear up to the 1st of May or later, or more than five months later than time set in charge. They simply ask the court to charge on what the evidence proves, which is improper.—*Marx v. Bell*, 48 Ala. 497.

COLEMAN, J.—This is a proceeding for bastardy, prosecuted by Leolar Lewis, in the name of the State of Alabama. In such cases it is not necessary that a minor should appear by next friend.—*Hanna v. State*, 60 Ala. 100.

On the 5th of January, 1894, the defendant was bound over by a justice of the peace, to appear before the circuit court to answer the charge. The first term of the circuit court at which the defendant was bound to appear began the following April. At that term the case was not docketed, and no order made specially in regard to the case. At the close of the term, the court entered a general order of continuance of business not otherwise disposed of. At the fall term, (October), the cause against the defendant was placed upon the trial docket. Thereupon the defendant moved a dismissal of the cause upon the ground, that there had been a discontinuance. The effect of a discontinuance applies alike to criminal and civil actions and a chasm, that would operate a dis-

continuance in one, will operate a discontinuance in the other. It was held at an early day, that the mere neglect of the clerk to docket a cause, did not discontinue it, (*Wiswall v. Glidden*, 4 Ala. 357), and in the case of *Harrall v. The State*, 26 Ala. 58, RICE, J., delivering the opinion, held that the ''mere neglect of ministerial duty of a ministerial officer'' did not work a discontinuance of a prosecution ; and in *Drinkard's Case*, 20 Ala. 9, DAR-GAN, C. J., declared that "the defendant ought not to be allowed to take advantage of the omissions of the clerk to perform his duty," he being a mere ministerial officer in the performance of such duty ; and in *Doe ex dem Brown v. Clements*, 24 Ala. 354, the rule in 4th Ala. was reaffirmed, CHILTON, J., declaring ''that the failure of the clerks to do their duty in not placing causes on the docket shall work no prejudices to the parties'', and in the case of *Forester v. Forrester*, 39 Ala. 323, WALKER, C. J., uses the following language : ''No mere neglect of the court to docket the cause and call it for trial, or mere omission of counsel to cause it to be docketed and called for trial, can under our decisions operate a discontinuance. But it would be otherwise, if the case had, by the active agency of the party or her counsel, been taken from the docket."—*Ex Parte Holton*, 69 Ala. 164. See also 1 Tidd. Prac. 679 ; 2 Arch. Prac. 234 ; 5 Amer. & Eng. Encyc. of Law, 674, 675, notes.

It does not appear that either the court or the solicitor had any notice, that the defendant had been bound over to court, and the omission to place the case on docket, was purely a neglect on the part of the clerk. Under the foregoing authorities we hold that the court did not err, in overruling the motion to dismiss the case. Nothing herein said is intended to modify the rule as to prisoners in jail, a list of whom the law requires shall be certified to the presiding judge on the first day of each term.—Cr. Code, § 4552 ; *Ex parte Stearnes*, 104 Ala. 93.

The court did not err in allowing the solicitor to amend the complaint or to file an amended complaint.—2 Amer. & Eng. Encyc. of Law, pp. 144, 145. The complaint was not objectionable wherein it followed the statute, in averring that the prosecutrix was ''pregnant with or delivered of a bastard child."—Cr. Code, § 4842. Striking out the words "or delivered of" in no way prejudiced the defendant.

[Miller v. The State.]

The State was allowed to prove contents of a letter. written by defendant to prosecutrix, in which he advised her how to procure an abortion, but which letter had been destroyed by the prosecutrix. The objection is based upon the principle, that a person who destroys written evidence, ought not to be permitted to avail themselves of secondary evidence. The fact that she destroyed the letter should be considered by the jury in determining the credibility of the witness, but does not render such evidence incompetent. She testifies that he requested her to destroy it, and. it may be that at that time, the mother may have had the intention to destroy the evidence of her condition. We think the evidence was competent to go to the jury.

The complaint spelled the name of prosecutrix as *Leola*, and the evidence showed it was spelled *Leolar*. There was no such variance as to exclude evidence that Leolar was the person pregnant. *Idem sonans* applied here. Nor was there error in admitting evidence that prosecutrix before the trial was delivered of a child, although the complaint, after it was amended, averred pregnancy. At the time of the beginning of the prosecution she was pregnant as charged. Nor did the court err in excluding evidence that prosecutrix at one time was seen to associate with another person, who had previously given birth to a bastard. child. Such testimony was wholly irrelevant, and immaterial. Nor was there error in admitting the evidence of the witness Tuck, that on one. occasion he saw the defendant and prosecutrix alone together. It was a mere circumstance it was true, but was admissible for what it was worth.

When the officer arrested the defendant, he had in his possession two warrants, one charging him with bastardy, and the other with the criminal offense of seduction. The admissions of the defendant were clearly competent against him.

.During the argument, the solicitor referred to the fact, that the defendant, though competent in his own behalf, had refused to testify. The statute declares, that in all criminal prosecutions the defendant at his own request may be a competent witness, and his failure to testify shall not be the subject of comment by counsel. Cr. Code, § 4173. A proceeding in bastardy, though penal in its character and *quasi* criminal, is not a crim-

[Miller v. The State.]

inal prosecution within the meaning of the statute. The weight of authority holds to the view that the action is a civil proceeding.—2 Am. & Eng. Encyc. of Law, 144. There is no such statutory provision relative to the refusal of parties to testify in civil cases. We are of opinion the exception was not well taken.

We have considered all the asssignments of error, except those which relate to instructions refused by the court to the defendant. These number twenty-five, over fifty having been requested.

It is the settled law in this State, that a court is not in error for refusing charges which are mere repetitions of charges given, or where they are so near alike, that there is not a shade of difference in their meaning and legal effect.—*Smith v. State,* 92 Ala. 30; *L. & N. R. R. Co. v. Hurt,* 101 Ala. 34; *Murphy v. State,* 18 So. Rep. 557. The charges given by the court, which are set out in the abstract, are clear and full and seem to cover every phase of the case of the defendant, and in some instances are more favorable to him than he had a right to demand. Charge number 5 given is of this latter character. Clearly number 7 requested was properly refused. Compare charges 13, 24, 26 requested and refused with charges 3 and 7 given by the court, and we are unable to perceive how the defendant was injured by the refusal of the court to give the former. Compare charge 6 requested and refused with number 9 given, and we find the same result, and so with other refused charges. Charge number 1 refused was misleading in that it was calculated to impress the jury with the conviction that the burden was on the State, not only to show that the defendant was the father of the child, but that the State had the further burden to introduce in addition thereto other affirmative evidence that no one else was the father. But if the charge is not subject to the criticism, then the defendant got the benefit of this charge and also of charge number 2 refused, under charge 8 given by the court. This vice is in other charges refused. Charge number 11, refused and insisted upon, is erroneous in this, that it takes from the jury the consideration of all other evidence in the case, in determining the guilt of the defendant, except that of the prosecutrix. In this respect the charge is quite different from that held to be good in the case of *Elmore v. State,*

92 Ala. 51.  Charge 12 requested invades the province of the jury in declaring that the defendant was not called upon to explain the suspicious circumstances against him.  A jury might think otherwise.  But this charge is argumentative, and for that reason objectionable.  Charge 22, refused, is somewhat involved.  We do not clearly understand what is meant by ''some means, or by certain other acts,'' when taken in connection with the remainder of the charge.  Certainly ''no means or other acts'' than sexual intercourse could determine that the defendant was the father of the child.  The proof required in this charge is too high.  It is not necessary that the jury should be satisfied to a moral certainty. Reasonable certainty is sufficient.  Charge 39 is objectionable in that it exacts too high a measure of proof. The jury are not required to be ''conclusively satisfied.''

Charge 44 was properly refused for several reasons. We will notice one.  In weighing the credibility of the witness, the jury are restricted to ''her testimony, and all the evidence tending to contradict her,'' thereby excluding in this connection, the evidence which tended to corroborate her.

Charge 51 requested was properly refused.  The charge assumes that the witness ''is shown to be unworthy,'' instead of predicating the conclusion upon the finding of the jury to that effect.  We find no evidence in this case, to justify such an assumption by the court. It is safer always to leave the weight to be given to the testimony of a witness with the jury.

We have considered all the questions raised in this case, either in detail or by the statement of general principles.  It is needless to add that counsel for appellant have left nothing undone or unsaid, which the necessities of their client's extremity demanded; but after a most careful consideration of all the assignments of error, we have not discovered any reversible error.  The judgment must be affirmed.

Affirmed.