# *Ex parte* Humes, Admrx. etc.

## *Petition for Mandamus.*

1. *Amendment of record nunc pro tunc; sufficient evidence; motion docket.*—Where a motion for a new trial is duly entered upon the motion docket of the court during the term, and an order is entered on said docket, at such term, for a continuance of the motion and the clerk fails to enter the order in the minutes of the court, it is within the power of the court at a subsequent term to amend the minutes *nunc pro tunc* so as to show the continuance of the motion, and the order of the judge on such motion docket is sufficient evidence to authorize the entry of such order.

2. *Same; mandamus.*—In such a case where the amendment *nunc pro tunc* has been made and entered in an ejectment suit in which there were verdict and judgment for the plaintiff, and a writ of possession, which had been executed by

putting the defendant out of possession, *mandamus* will not. be awarded to revoke an order, made during the term at which the record was amended, for a writ of restitution for the purpose of replacing the defendant in possession pending the determination of the motion for a new trial.

Petition for *mandamus* directed to the Judge of the Eighth Judicial Circuit.

This was a petition for a writ of *mandamus* to compel the judge of the circuit court for the Eighth Judicial Circuit, sitting in Morgan county, to revoke an order entered during the spring term, 1900, of said court for a writ. of restitution, commanding the sheriff to put the defendant in the case of E. C. Humes, as administratrix of the estate of Reuben Chapman, deceased, vs. James Fields, Isaiah Fields and Thos. J. Cobb, back into the possession of the land. It appears that at the October term, 1899, of said circuit court, plaintiffs recovered a judgment against the defendant and during that term the defendants duly made and entered upon the motion. docket of said court a motion for a new trial, and upon said motion docket, during said term, the judge entered a memorandum to the effect that such motion was continued, and also announced, during said term, that the same would be continued. In making up the minutes of the court the clerk failed to enter a formal order of continuance of said motion. After the adjournment of said term a writ of possession was issued under said judgment, and executed by putting defendants out of possession. At the spring term, 1900, of said court on motion of defendants, the minutes of the court were amended *nunc pro tunc* so as to show a proper order of continuance on said motion for a new trial at the October term, 1899. After this, an order was also entered at said spring term, 1900, for a writ of restitution, directing the sheriff to put the defendants back into possession of the lands sued for, pending the hearing of the motion for a new trial.

HUMES, SHEFFEY & SPEAKE, and WATTS, TROY & CAFFEY, for petitioner.

S. A. LYNNE, J. R. SAMPLE and E. W. GODBEY, *contra*.

[*Ex parte* Humes, Admrx., etc.]

TYSON, J.—The right of the petitioner to the writ of *mandamus* is dependent solely upon the solution of the question, whether there was a discontinuance of the motion for a new trial. If there was not, the writ must be denied. It appears from the respondent's answer and from a certified transcript of the motion docket, upon which the motion for the new trial was entered, that the motion was made at the term of the court at which the judgment was rendered, and was called to the attention of the presiding judge who then and there continued it in open court, and at the same time made a memorandum of his order upon the margin of the motion docket opposite the style of the cause. It is true the clerk failed to enter upon the minutes of the court the order of continuance and it is on account of the result of his failure or neglect in this respect that petitioner predicates her contention that the court lost its authority or jurisdiction to make the order for the restitution of the possession of the lands involved in the judgment, which the motion, if granted, would vacate.

It cannot be doubted that if the continuance of the motion had been entered upon the minutes of the court, that the cause would have been *in fieri* and the court would have had entire control of it possessing the power to make any order at a subsequent term that may be proper.—*Barron v. Barron,* 122 Ala. 194, and authorities cited. In Bouv. Law Dictionary, a discontinuance in practice is defined to be "The chasm or interruption in proceedings occasioned by the failure of the plaintiff to continue the suit regularly from time to time as he ought." It is in substance and effect an abandonment of the moving party of his pending cause.—*Ex parte The State of Alabama,* 71 Ala. 367.

It has been many times decided by this court, that official neglect or refusal of the clerk to perform the duties required of him, will not operate a discontinuance.—*Wiswall v. Glidden,* 4 Ala. 357; *Drinkhard v. The State,* 20 Ala. 9; *Harrall v. The State,* 26 Ala. 52; *Brown v. Clements,* 24 Ala. 354; *Ex parte Remson,* 31 Ala. 270; *Glenn v. Billingslea,* 64 Ala. 345. This principle was applied and enforced in the case of *Yonge v*

*Broxson*, 23 Ala. 684, which involved practically the question here under consideration, in this language: "It is further urged, that, if the notice and motion to substitute were regular, the motion was discontinued by the failure of the plaintiff to take any steps in relation to it at the Spring Term, 1851, of the circuit court of Coffee county. This objection is not sustained by the record; for by this it appears, that at that term the motion to substitute was entered on the motion docket of the court, and granted; but the clerk failed to enter it on his minutes.  *  *  *  The motion docket is a book of the court required by law to be kept by the clerk, and the entries and proceedings appearing upon it as of a particular term may properly be looked to, as showing the orders taken by the court in relation to the case at that term, and to show that there was no discontinuance." In that case, as here, upon a motion to amend *nunc pro tunc,* made at a subsequent term, the judgment upon the original motion was entered upon the minutes.  Speaking to this point, the court said: "They [referring to the entries and proceedings shown on the motion docket] are, also, sufficient evidence of what was done at a previous term, to authorize the court to enter a judgment *nunc pro tunc,* at a subsequent one, if they show that the court had ordered a particular judgment, which the clerk omitted to enter."

The cases of *Gunnells v. State Bank,* 18 Ala. 676, and *Hundley v. Yonge,* 69 Ala. 89, relied upon by petitioner, are not in conflict with these principles.  On the point here decided, they simply hold that where a motion is entered on the motion docket and not acted on or called to the attention of the court at the term at which it was made, a general order of continuance *of all the causes and motions not otherwise disposed of* will not have the effect to continue the motion.  It is scarcely necessary to say that they have no application to the case under consideration, nor is it necessary to say more to differentiate them from the one in hand.

A majority of the court place the refusal of the writ upon the *nunc pro tunc* proceeding.

The *rule nisi* heretofore issued will be discharged and the writ of *mandamus* denied.